## In re FISHER.

### No. 5658.

Court of Civil Appeals of Texas. Amarillo.

Dec. 11, 1944.

W. T. Link, of Clarendon, for appellant.

A. T. Cole, Co. Atty., of Clarendon, for appellee.

PITTS, Chief Justice.

This proceeding was filed by Truett Behrens on June 15, 1944, in the County Court of Donley County against J. A. Fisher, Jr., under the provisions of article 2338—1,. Vernon's Annotated Civil Statutes, Acts of the Forty-eighth Legislature, 1943, page 313, chapter 204, known as the Juvenile Delinquency Act. Upon a hearing without a jury in the said court sitting as a juvenile court, judgment was rendered on September 9, 1944, declaring J. A. Fisher, Jr., to be a delinquent child and committing him to the State School for Boys at Gatesville for an indefinite period, not to extend beyond his twenty-first birthday. On September 11, 1944, J. A. Fisher, Jr., joined by his parents, J. A. Fisher, Sr., and wife, filed a motion for a new trial, which motion was on the same day overruled by judgment of the court, from which judgment J. A. Fisher, Jr., joined by his parents, perfected an appeal to this court and they shall be hereafter referred to as appellants.

The record discloses that appellants were not represented by counsel during the trial but they employed an attorney of their choice immediately thereafter. Apparently the County Attorney of Donley County represented the petitioner in the trial court but nothing has been filed in this court resisting appellants' contentions and seeking to uphold the judgment of the trial court.

Appellants complain in four points of error to the effect that the petition does not allege any violation of the Juvenile

Delinquency Act; that proper notice or summons was not served upon the parents of the child prior to the hearing; that J. A. Fisher, Jr., was not convicted of the charge alleged in the petition but was found guilty of other acts not alleged in the petition; and that J. A. Fisher, Jr., was compelled by the trial court to give evidence against himself in violation of the law.

We overrule appellants' first point of error. The record discloses that petitioner, Truett Behrens, a Donley County deputy sheriff, filed the petition alleging the name, age and residence of the child, the name and residence of the child's father, and further alleged that the said J. A. Fisher, Jr., did on or about June 1, 1944, without lawful authority and without any authority, with the intent to commit theft, break and enter into the gin house and building known as the Fitzgerald Gin, owned by Memphis Cotton Oil Company, controlled and operated by Fitzgerald, and located in Donley County, Texas. Section 7 of the Juvenile Delinquency Act provides for the filing in such cases of "a petition alleging briefly the facts which bring said child within the provisions of this act." In the case of Dendy et al. v. Wilson, 179 S.W.2d 269, 277, 151 A.L.R.1217, the Supreme Court said: "To come under the provisions of this Act, a reasonable and definite charge must be filed against the minor." Under these authorities, we believe the allegations of the petition in the instant case are sufficient.

With reference to appellants' complaint about the insufficiency of the summons served on the child's father, it appears from the record that the trial court conducted the hearing in an informal manner and adjourned the hearing from time to time, as authorized by section 13 of the Juvenile Delinquency Act; it further appears that the original hearing began on June 21, 1944, and was continued from time to time by agreement of the parties until July 5, 1944; it likewise appears that both parents of the child, J. A. Fisher, Sr., and wife, were notified orally prior to the first hearing of the complaint and of the hearing to be had on June 21, 1944, and that both of them attended the hearings at various times and heard the evidence in the case; it further appears that on September 8, 1944, one day before the final judgment was entered by the trial court, a summons was served upon J. A. Fisher, Sr., advising him of the further hearing to be had the next day and directing him to bring the said child into court to attend the said hearing and that his wife, the child's mother, and the child attended the said hearing on the next day, September 9, 1944, when the parties announced ready for trial and at the conclusion of which a final judgment was rendered by the trial court.

Section 8 of the Juvenile Delinquency Act requires the service of notice or summons upon the child's parents or its guardian unless they "shall voluntarily appear." In the instant case the record reveals that the child's parents were "notified orally," that they attended several hearings and agreed to a postponement of further hearings from time to time. Under the record we believe the child's parents had sufficient notice of the proceedings to comply with the law and appellants' second point is therefore overruled.

Appellants complain in their third point that the findings of the trial court do not support the judgment of the court declaring the child to be a delinquent upon the acts alleged in the petition but the judgment declares it to be a delinquent child by reason of other and different acts not alleged in the petition nor elsewhere in the record.

There is no statement of facts in the record but at the request of appellants the trial court filed findings of fact and conclusions of law and states the facts to be "all the facts heard upon the trial of the above entitled and numbered cause." Several witnesses testified in detail during the several hearings and there is a lengthy findings of fact filed which, in effect, is as follows, to-wit: At the hearing beginning on June 1, 1944, the evidence reveals that upon investigations made by Guy Wright, Sheriff of Donley County, it was discovered that the Fitzgerald Gin, the Clarendon Gin, and the Bert Smith Gin, all located in Clarendon, Donley County, had been broken into early in June, 1944 and some character of tools had been stolen from each gin and light globes had been broken and other property damaged in each gin; that about the same time the Simpson Feed Store was burglarized and certain property stolen therefrom; that on Sunday, June 18, 1944, subsequent to the time the Clarendon Gin had been burglarized, the operator of the said gin found J. A. Fisher, Jr., and another boy in his gin and called the sheriff, who took them into custody and held them until they were or-

dered released by the trial judge; that during the several hearings held from June 21, 1944, to July 5, 1944, various admissions were made in open court by J. A. Fisher, Jr., and others not named that led to the recovery of a large part of the property taken from the various named places recently burglarized and that some of the said property was found in a tool box belonging to J. A. Fisher, Sr.; that at the close of this series of hearings on July 5, 1944, J. A. Fisher, Jr., was committed, without a judgment being rendered, to his parents pending his future conduct and holding in abeyance the rendering of a judgment; that on September 6, 1944, one H. C. Brumley, while, he was playing dominoes at a domino hall in Clarendon, lost or had stolen from him, his pocketbook containing $27 in money and his gasoline ration book which contained A, C, and T coupons; that on September 8, 1944, a summons was served upon J. A. Fisher, Sr., of a further hearing to be held the next day in his child's case and for him to bring his child into court for such hearing; that on September 9, 1944, another hearing was held at which hearing Sheriff Guy Wright testified that as a result of a personal investigation he "picked up" a boy who told him that J. A. Fisher, Jr., had the Brumley pocketbook; that the sheriff caused J. A. Fisher, Jr., to be brought into court for another hearing on said date; that at the hearing had on the said date a boy who was "mixed-up" in the gin burglaries testified that he saw J. A. Fisher, Jr., and another boy in possession of the Brumley pocketbook and they were counting and dividing the money; that "J. A. Fisher, Jr. was present in County Juvenile Court on September 9, 1944, but not sworn, but upon being questioned by the court he said that he and another boy had had the pocketbook; that they divided the $27 between them, he kept $15 and gave the other boy $12 and that they gave the gas tickets to an unknown soldier up about Washburn; that they went to Amarillo and from there to Lubbock and on to Muleshoe, and then back home, and on the trip they spent all the money (they bought some clothes at Lubbock and wore the clothes home) and that he (J. A. Fisher, Jr.) lost the pocketbook. J. A. Fisher, Jr. said at first that he found the pocketbook on the sidewalk in front of the picture show but later said he found it in the domino hall."

The trial court concluded as a matter of law "that J. A. Fisher, Jr. was guilty of acts which constituted him a delinquent child and that his home was not a fit and proper place for him to be raised."

■ It appears from the record that the trial court's conclusion may be correct but the Juvenile Delinquency Act does not give the trial court unlimited authority and power in procedure in such cases even though section 2 of the Act provides that the "Act shall be liberally construed." The Supreme Court said in the case of Dendy v. Wilson, supra, that "The minor is entitled to have his rights fully safeguarded."

In this case only one complaint was made against J. A. Fisher, Jr., in a petition filed on June 15, 1944. It charged that he was twelve years of age and was a delinquent child because he had broken into the Fitzgerald Gin with the intent to commit theft on or about June 1, 1944. The trial court made findings of "all the facts heard upon the trial," but there is no finding of any direct testimony connecting J. A. Fisher, Jr., with the alleged act; nowhere do the findings place J. A. Fisher, Jr., on or about the said gin premises on or about the said date alleged, although he and another boy were found in the Clarendon Gin house on Sunday, June 18th, three days after the filing of the complaint in this case; nowhere do the findings place any of the stolen property from the Fitzgerald Gin in possession of J. A. Fisher, Jr. (The findings do reveal that some of the property stolen from the various gins was found in a tool box belonging to J. A. Fisher, Sr., but the record does not disclose that any of such property came from the Fitzgerald Gin or how it got into the tool box.) According to the findings of the trial court, most of the hearings were held for the purpose of inquiring about various other law violations not mentioned in the complaint filed against J. A. Fisher, Jr., on June 15, 1944; the record does not reveal the dates the other violations occurred except for the last one, the theft of H. C. Brumley's pocketbook which occurred, according to the findings of the trial court, on September 6, 1944, nearly three months after the complaint had been filed against J. A. Fisher, Jr.

■ All of the facts found by the trial court do not cast any more than a suspicion that J. A. Fisher, Jr., broke into

the Fitzgerald Gin, and there is no complaint or pleadings to support the testimony heard by the trial court about any other law violations. We recognize the provisions of the Juvenile Delinquency Act and the rule authorizing the juvenile court to modify or revoke a judgment entered, and it is our opinion that the said Act authorizes the trial court, after a legal hearing, to enter a judgment determining the question of whether or not the child is guilty and if the child is found guilty and found to be a delinquent child, the Act authorizes the trial court to enter an order committing the child to its parents or to some other person or to some institution subject to further orders of the court and that the court is authorized to thereafter change, modify or revoke its former orders or judgments. After such judgments have been entered, the trial court is authorized also to inquire about the conduct of the child during a probation period but in the instant case the record discloses that on July 5, 1944, the child was committed to its parents pending its future conduct without any judgment being entered in the case. According to the record, a final hearing was had on the original charge on September 9, 1944, but such hearing involved matters wholly foreign to the original charge and at the close of such hearing the trial court then rendered final judgment on the original charge. If the original petition had complained about the other acts inquired about in the several hearings or if other petitions had been filed alleging that J. A. Fisher, Jr., was guilty of the other such acts and sufficient notice thereof given, the trial court would have been justified in hearing and considering evidence concerning them. But the record does not disclose that any complaint was made against him other than he burglarized the Fitzgerald Gin with the intent to steal. On the other hand, if the trial court had rendered and entered a judgment on July 5, 1944, finding J. A. Fisher, Jr., guilty, declaring him to be a delinquent child and paroling him by order entered on the record to his parents subject to his future conduct and subject to the further orders of the court, the said court would have then been authorized to inquire into the child's future conduct without the filing of additional petitions and to modify its former judgment, revoking the parole and committing the child to the State School for Boys or placing it in the custody of any other person or institution that may in its discretion seem best. The Juvenile Delinquency Act makes the Juvenile Court a court of record and all judgments and orders of such courts should be entered of record.

It appears from the record that the trial court committed reversible error in hearing and considering evidence involving several law violations other than that with which J. A. Fisher, Jr., was charged and it further appears that the facts found by the trial court do not support the conviction of J. A. Fisher, Jr., on the charge alleged in the petition. For the reasons given we sustain appellants' third point of error.

Appellants complain in their fourth point that the trial court erred in compelling J. A. Fisher, Jr., to give evidence against himself. The record discloses that J. A. Fisher, Jr., was twelve years of age; that he was not represented by counsel at his trial; that he was questioned by both the state's attorney and the trial court but was not sworn as a witness. Neither was he advised by the court of his Constitutional right and that he could not be compelled to give evidence against himself. In the case of Dendy v. Wilson, supra, the state's attorney called the children who were on trial, had them sworn as witnesses, placed them on the witness stand and compelled them, over the objections of their counsel, to give evidence against themselves, and the Supreme Court sustained this court in holding that such was reversible error in that case. Since this case is being reversed and remanded for other reasons, we do not consider it necessary to pass on appellants' fourth point since we do not believe the matters of which appellants complain will arise at a retrial.

Because of the errors pointed out above, the judgment of the trial court is reversed and the cause is remanded and J. A. Fisher, Jr., is remanded to the jurisdiction of the trial court for its further supervision as a juvenile court as provided for by the Juvenile Delinquency Act.