PRYOR JERNIGAN V. STATE

No. 29,705. April 9, 1958.
State's Motion for Rehearing Overruled
(Without Written Opinion) May 28, 1958.

*Marvin G. Shwiff*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Ben F. Ellis, A. D. Jim Bowie, Merle Flagg*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Art. 666-12 (12), Vernon's P.C., reads as follows:

"The Board (Texas Liquor Control) or Administrator may cancel or may suspend for a period of time not exceeding sixty (60) days, after notice and hearing, any permit or any renewal of such permit if it is found that any of the following is true:

"(12) That the permittee, his agent, servant, or employee was intoxicated on the licensed premises."

Appellant, as the permittee here, stands convicted of a violation of the statute by becoming intoxicated on the licensed premises, with punishment assessed at one day in jail, under Art. 666-41, Vernon's P.C.

By motion to quash, appellant insisted that the statute was civil as distinguished from criminal. In other words, he contends that it is not a crime or an offense against the laws of this state for a permittee under the Texas Liquor Control Act to be found in an intoxicated condition on the licensed premises.

The Court of Civil Appeals, in the case of Texas Liquor Control Board, et al, v. Warfield, 110 S.W. 2d 646, has so held. In that case the statute here under consideration was held to be a valid exercise by the state of its power to revoke a license granted one to sell intoxicating liquor and it was held that the action of the board or administrator in cancelling the license

under the statute is the performance of an administrative function and not a judicial proceeding. The case of State v. De Silva, 105 Texas 95, 145 S.W. 330, by the Supreme Court, is cited, as is also Bradley v. Texas Liquor Control Board, 108 S.W. 2d 300.

The conclusion there reached was an adjudication by the courts of this state having jurisdiction in civil matters that the statute here before us is a civil statute and enforcible by an administrative tribunal as a part of its administrative function. The statute, therefore, could not be a criminal one.

When the civil courts have first construed a statute, we follow the policy of adopting such construction, as that policy is deemed necessary to the proper administration of justice and to the existence of harmony in the statute laws of this state. King v. State, 160 Texas Cr. Rep. 556, 273 S.W. 2d 72.

Our Texas Supreme Court follows the same policy and accepts the construction this court places upon criminal statutes. Shrader, et al, v. Ritchey, et al, 309 S.W. 2d 812.

The statute here involved is a civil and not a criminal statute and no criminal offense is denounced thereby.

Accordingly, the judgment of conviction is reversed and the prosecution is ordered dismissed.