**In the Matter of Demetrio GONZALEZ, Jr.,
a Delinquent Child.**

**No. 5316.**

Court of Civil Appeals of Texas.

El Paso.

Oct. 21, 1959.

Rehearing Denied Nov. 11, 1959.

Frank J. Galvan, Jr., Galvan & Galvan, El Paso, for appellant.

James Mast, Asst. Dist. Atty., William E. Clayton, Dist. Atty., El Paso, for appellee.

FRASER, Justice.

This is an appeal from a judgment rendered in the 120th Judicial District Court of El Paso County, Texas, on the 13th

day of January, 1958, in which judgment the court adjudged and declared Demetrio Gonzalez, Jr., a delinquent child and committed him to the Texas Youth Council for confinement at the Gatesville State School for Boys for an indeterminate period not to extend beyond the time when he reaches the age of 21 years, to-wit, October 16, 1957.

The petition presented alleged that the appellant in question, with one Juan Guevara, broke and entered a cleaning establishment known as Sandel's Cleaners, 415 North Stanton Street, El Paso, Texas, on December 14, 1957, and took therefrom the sum of $80. Juan Guevara testified at the hearing, admitted the burglary, and stated that he was the one who entered the establishment and that he took therefrom the sum of $80, and gave $7 of it to appellant, who was acting as lookout during the burglary. The petition was duly filed in the district court of El Paso County. The appellant was picked up and placed in the Juvenile Detention Home. At the hearing it was brought out that, at the request of his parents, he was allowed to leave the detention home under certain terms and conditions agreed to by the parents, one of which was that they would have him present in court when called for. Subsequently, a subpeona was served upon the parents, and the matter was heard in district court some two days after the subpoena, or written instrument, was left at the residence of appellant's parents. Appellant and his parents were all present at the hearing. At the conclusion of the hearing, the trial judge informed appellant's father that his son had been found guilty of being a delinquent child, and that the court would impose sentence after he had made further investigation. The court thereafter, to-wit, on the 13th day of February, 1958, committed appellant to the Texas Youth Council for confinement in Gatesville State School for Boys, for an indeterminate period "not to extend beyond the time when he reaches the age of 21 years, to wit, October 16, 1957."

Appellant's first point of error alleges that Statutes 2338–1 and 5143d, of the Texas Revised Civil Statutes, are unconstitutional in that they provide for the deprivation of a child's liberty or right of freedom without due process of law. In support of this position appellant has presented us with a very persuasive and thorough brief. However, it is apparent that this matter has been judicially decided contrary to appellant's position. Courts have held this proceeding to be a civil, and not a criminal, proceeding having as its purpose to protect the dependent or delinquent child at the most critical time of his life, and is not intended to convict and punish juveniles, but to guide and direct them. The judicial or legal concept here, therefore, is a matter of civil construction, rather than the concept or rules governing crimes and criminal trials. Lazaros v. State, Tex.Civ.App., 223 S.W.2d 972; Cox v. Wood, 152 Tex. 283, 256 S.W.2d 841; State v. Thomasson, 154 Tex. 151, 275 S.W. 2d 463 (Sup.Ct.). It has been expressly held that Article 2338–1 is valid and constitutional and does not deprive defendant children of liberty without determination of issues by a jury. A jury trial may be had only by complying with the Texas Rules of Civil Procedure. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L. R. 1217; Steed v. State, 143 Tex. 82, 183 S.W.2d 458. In Dendy v. Wilson, the court expressly states that the purpose of the proceedings is not to punish a child for crime; but the only issue to be determined is whether juvenile is a delinquent child. It has also been held that the purpose of this article is to change jurisdiction over juvenile delinquents from criminal courts to civil courts. Santillian v. State, 147 Tex.Cr.R. 554, 182 S.W.2d 812, 159 A.L.R. 1098; Dearing v. State, 151 Tex.Cr.R. 6, 204 S.W.2d 983; Dendy v. Wilson (supra). Therefore, while appellant's position is certainly clear and well briefed, we think the matter has been determined by prior judicial action, and this point is accordingly overruled.

■ Appellant's second point alleges that the trial court committed error in bringing the appellant to trial without prior issuance and service of process to appellant or his parents. As indicated above, the record shows that the provisions of the statute have been complied with, and we will not go into the statutory requirements any further. In addition, it must be pointed out that appellant and his parents were present; that the boy had been released from custody upon the promise of his parents that he would be in court. This promise was kept by appellant and his parents after the notice had been served. It has been held that notice was not required where a parent and child were present at trial. In the present case, notice was delivered two days before trial and all parties were present. In re Fisher, Tex.Civ.App., 184 S.W.2d 519; Dudley v. State, Tex.Civ.App., 219 S.W.2d 574 (err.ref.); Lazaros v. State, supra. This point is, therefore, overruled.

■ Appellant's third point alleges that the court committed error in failing to appoint a guardian ad litem for the appellant. We find no requirement of this nature in the pertinent statutes, and it must be remembered that appellant's parents were present at the hearing and trial. This point is therefore overruled.

■ Appellant's forth point alleges error in the court's proceeding to try appellant within seven days of the filing of the petition. Again, we do not find error, but rather find compliance with the statutory provisions; and this point is overruled.

■ Appellant's fifth point points out an error in the judgment wherein it is stated that appellant shall be committed to the Texas Youth Council for confinement in the Gatesville School for Boys for an indeterminate period not to exceed beyond the time when he reaches the age of 21 years, to-wit, October 16, *1957*. Obviously the year 1957 is a clerical error and, under the rules of civil procedure, must be so treated. The evidence before the court and the findings of the court show appellant to have been born on October 17, 1946. The date in the judgment, being actually anterior to the date of the trial, is clearly a clerical error and does not vitiate the judgment. As a matter of fact, the judgment would be sufficient without the adding of such date. It is therefore ordered that the judgment be reformed to show the proper date, which would be 21 years after the date of birth of appellant. As has been stated and held, the proceedings here involved are civil; hence, rules of civil procedure are applicable thereto. Steed v. State (supra); In re Brown, Tex.Civ.App., 201 S.W.2d 844 (n.r.e.).

. ■ Appellant's sixth point accuses the court of error in adjudging appellant a delinquent juvenile on uncorroborated evidence or testimony of Juan Guevara, whom appellant describes as an accomplice. This point must be overruled, because it has been clearly set forth many times that the evidence necessary to so adjudicate need not be that sufficient to establish the delinquency beyond a reasonable doubt, as in a criminal case, but must be on some evidence of probative value; in other words, in accordance with the Rules of Civil Procedure. Thomasson v. State (supra); Cantu v. State, Tex.Civ. App., 207 S.W.2d 901; Dendy v. State (supra); In re Brown (supra).

The above case (Cantu v. State) touches directly on the matter of corroboration. In the matter before us, Guevara testified to the entire transaction, and the proprietor testified that her place had been broken into at the time mentioned and that money had been taken. None of this was controverted. As a matter of fact, appellant admitted his participation; but, without that, Guevara's testimony completely involved him. This point is, therefore, overruled.

Appellant's seventh point charges insufficiency of evidence. We think this point has been covered by our discussion in the preceding point, and it is therefore overruled without further comment.

Appellant's eighth point complains that the court heard and considered evidence and testimony against appellant in private, and not in the presence of appellant, and deprived appellant of the opportunity of confronting and refuting such testimony. The record shows that the court announced his judgment of delinquency on the day the matter was tried, and merely waited two or three days to determine what disposition should be made of the delinquent. What matters he heard or may have heard, or what information he may have received or did receive during such interval would not, therefore, touch on the matter of delinquency, but only on the extent and severity of the sentence. This has been held to be proper: In re Brown (supra). This matter was tried without a jury, and we believe the court was merely trying to obtain as much information so as to serve the best interests of the child. This is a field where much latitude has been indulged and, certainly, it has been done many, many times in other courts, such as the Federal court where, after conviction, the matter is submitted to a probation officer before the judge imposes sentence. We think this point is without merit and must, therefore, be overruled.

Summing up, we have a case here of a boy within the age limit covered by the statutes, participating in a burglary as to which there is no contradiction. His parents agreed, if he were released from custody, to have him in court for the hearing. He was released, and they were present; and, in addition, had been served with a notice some two days prior thereto. Under the rules of civil procedure, there was ample evidence to sustain the court's finding, and we do not find error in the proceedings constituting the trial and sentence of appellant.

Appellant's points are therefore overruled, and the decision of the trial court affirmed with the one reformation set forth herein.