Jose CASANOVA, Appellant,

v.

The STATE of Texas, Appellee.

No. 15098.

Court of Civil Appeals of Texas, San Antonio.

Dec. 27, 1972.

Rehearing Denied Jan. 31, 1973.

Herman Glosserman, San Antonio, for appellant.

Ted Butler, Criminal Dist. Atty., Keith W. Burris, Asst. Crim. Dist. Atty., San Antonio, for appellee.

CADENA, Justice.

Appellant, Jose Casanova, seeks reversal of a judgment of the juvenile court of Bexar County declaring him to be a delinquent child within the meaning of our juvenile delinquency statute, Article 2338–1, Vernon's Tex.Rev.Civ.Stat.Ann., and committing him to the custody of the Texas Youth Council for an indefinite period, not to extend beyond his twenty-first birthday. The judgment further ordered that appellant be sent to the Gatesville School for Boys. At the time the judgment was rendered, appellant was sixteen years and nine months old.

Appellant's sole contention is that, since he was not personally served with notice of the pendency of the proceedings against him, the juvenile court lacked jurisdiction over his person; and that the judgment in this case, therefore, deprives him of his liberty without due process of law.

In accordance with the procedure established by the juvenile statute, the Criminal District Attorney of Bexar County, on December 7, 1971, filed a petition seeking a declaration that appellant is a juvenile delinquent. On December 8, 1971, an order was entered appointing Herman Glosserman, Esq., "to represent" appellant "and to

act as his/her [sic] Guardian Ad Litem." At the time of the entry of such order, no one had been served with process. Six days later, on December 14, 1971, a summons was served on appellant's mother, Mrs. Trinidad Casanova, directing her "to appear personally" before the juvenile court, and to bring appellant before such court, on December 23, 1971, at which time the State's petition would be heard.

The hearing was postponed twice, for reasons not apparent from the record. On January 7, 1972, the State filed an amended petition which differed from the original petition only in that it alleged that appellant was also known as Jose Campos Casanova. On January 13, 1972, summons was again served on appellant's mother, notifying her that the amended petition would be heard on January 24, 1972, and directing her to be present before the juvenile court on that date and to bring appellant with her.

On January 18, 1972, the court relieved Mr. Glosserman, at his request, of the position of guardian ad litem and substituted appellant's mother as such guardian. On the same day, Mr. Glosserman, "as an Officer of the Court and as Amicus Curiae and also as attorney for" appellant, filed an instrument calling the attention of the court to the fact that appellant had not been served "with citation and notice on the petition filed by the State in this cause and therefore this Court has no jurisdiction over the minor in this cause . . . ." This instrument further contended that the appointment of a guardian ad litem for appellant is a nullity because such appointment was made without citation and notice to appellant. This instrument bears the notation, dated January 18, 1972, in the judge's handwriting, "Overruled—to which action of the Court Respondent excepted."

Appellant, his attorney and his mother were present at the hearing held on January 24, 1972. After the State had rested, appellant's attorney called only one witness, a deputy district clerk, to establish the sole fact that no process whatever had ever been served on appellant personally. On July 25, 1972, the judgment appealed from was entered.

The only portion of Article 2338–1 relating to notice in a juvenile delinquency proceeding is Section 8, which provides as follows (all emphasis added):

"After a petition shall have been filed, and after such further investigation as the Judge may direct, *unless the parties hereinafter named shall voluntarily appear*, the court shall issue a summons reciting briefly the substance of the petition, and requiring the *person or persons who have the custody or control of the child to appear personally* and bring the child before the court at a time and place stated. If *the person so summoned shall be other than the parent or guardian of the child, then the parent or guardian, or both, shall be notified of the pendency of the case and of the time and place appointed, by personal service* before the hearing, if they reside within the jurisdiction of the court . . . . ."

There is nothing in this section relating to notice to the child who, as a result of the proceeding, is subject to deprivation of his liberty. The only persons on whom the summons is directed to be served are the persons having the custody and control of the child, except that where the persons having such custody and control are other than the parent or guardian of the child, then the parent or guardian, or both, must be notified of the proceeding by personal service.

■ Since the statute is silent on the question of personal notice to the child whose liberty is at stake, the question is whether or not, in a proceeding to declare a child delinquent, personal notice on the child is required. It is well settled that juvenile delinquency proceedings are governed by the Texas Rules of Civil Procedure. Brenan v. Court of Civil Appeals,

444 S.W.2d 290 (Tex.1969); State v. Thomasson, 154 Tex. 151, 275 S.W.2d 463 (1955); Steed v. State, 143 Tex. 82, 183 S.W.2d 458 (1944); Boardman v. State, 473 S.W.2d 538 (Tex.Civ.App.—Fort Worth 1971, no writ).

Rule 124, Texas Rules of Civil Procedure, prohibits the rendition of *any* judgment against *any* defendant "unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant . . . ." Unless we are prepared to hold that juvenile proceedings are criminal in nature, Rule 124 clearly requires that the defendant in a delinquency proceeding be served personally with process.

We consider next whether appellant "waived" service of process upon him personally by appearing at the hearing, both in person and by his court-appointed attorney and guardian ad litem. Section 8 of the juvenile statute is not relevant here. It dispenses with the requirement of notice only where "the parties hereinafter named shall voluntarily appear." It is clear from the language of the section that the waiver of notice by voluntary personal appearance applies only to the "parties hereinafter named," that is, to the parent, guardian or person having custody of the child. Lazaros v. State, 228 S.W.2d 972, 975 (Tex. Civ.App.—Dallas 1950, no writ). Article 2338-1, then, does *not* provide that the personal appearance of the child, even if it be assumed that a child who is dragged to court by his parent can be held to have "voluntarily" appeared, dispenses with the requirement of notice to the child, if such notice be otherwise required.

■ The rule is well established in this jurisdiction that a minor, even in a "civil proceeding," lacks the capacity to waive service, and that no one may waive it for him. Wright v. Jones, 52 S.W.2d 247 (Tex.Com.App.1932); 2 McDonald, Texas Civil Practice, Citation, Section 9.02, p. 364 (1970 rev.). The rules pertaining to service on minors in civil cases are well expressed by the Waco Court of Civil Appeals in Morris v. Drescher, 123 S.W.2d 958, 959-960 (1939, writ ref'd), as follows:

"The trial court should not have proceeded to trial on the merits of the cause . . . without proper service of citation on Dorothy Lynn Drescher [the minor], Wright v. Jones, Tex.Com.App., 52 S.W.2d 247; but should have dismissed the cause in the event service was not secured within a reasonable time. Alexander v. Barfield, 6 Tex. 400 . . . Likewise, the court was not authorized to appoint a guardian ad litem for her if not served by process, Kremer v. Haynie, 67 Tex. 450, 3 S.W. 676 . . .

"If judgment had been rendered against *Dorothy Lynn Drescher without proper service of citation affirmatively appearing of record, she could have taken advantage of such fact at any stage of the proceedings on appeal or writ of error because the judgment against her would have partaken of the nature of a judgment by default, for the reason that she was without legal capacity under the law to waive any of its requirements,* Wheeler v. Ahrenbeak, 54 Tex. 535 . . . ."

■ Finally, appellant's attorney here, prior to the hearing, pointedly called the trial court's attention to the fact that no notice had ever been served personally on the child and that, under such circumstances, the appointment of a guardian ad litem was unauthorized. It was only after the court had rejected this plea that the child appeared at the hearing, and even then, it is clear from the record that his court-appointed attorney was still calling the court's attention to the lack of service on the child. Only a strong determination to cling to a preconceived notion can justify a finding of waiver under these circumstances.

The State relies heavily on In re Gonzalez, 328 S.W.2d 475 (Tex.Civ.App.—El Paso 1959, writ ref'd n. r. e.); Lazaros v. State, supra; In re Fisher, 184 S.W.2d 519 (Tex.Civ.App.—Amarillo 1944, no writ).

These cases are not in point. The attention of the court in *Fisher* was directed only to the question of whether the parents had been served in the manner required by Section 8. The same is true of *Lazaros,* where the only complaint related to lack of service on the mother. Since the mother voluntarily appeared at the hearing, she had clearly waived the service of notice under the express provisions of Section 8. The necessity of service upon the child was raised in *Gonzalez,* but the opinion of the El Paso Court of Civil Appeals in that case discloses that the court, with its attention obviously focused on the lack of service on the *parent,* thought it unnecessary to give any reasons in support of the holding, if, in fact, there was such a holding, that service on the child was not required. Further, there is nothing in *Gonzalez* to indicate that, as in the case before us, the child had appeared at the hearing only after his attorney had unsuccessfully called the court's attention to lack of personal service on the child.

To hold, as, perhaps, the El Paso Court arguably held in *Gonzalez,* that Section 8 disposes with the requirement of personal notice to the child, serious constitutional questions arise. The Supreme Court of the United States has held that due process requires "that the child *and* his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing," and that due process requires "notice which would be deemed constitutionally adequate in a civil or criminal proceeding." In re Gault, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967). (emphasis added). We need not here concern ourselves with the requirement of adequate notice in a criminal case, since in Texas, as already pointed out, juvenile delinquency proceedings are consistently held to be predominately civil in character, and, under the Texas Rules of Civil Procedure, notice to a minor is required in civil cases.

It is true that in McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L. Ed.2d 647 (1971), the United States Supreme Court, in holding that the concept of due process does not require that a child be accorded the right to jury trial in delinquency proceedings, necessarily declined to extend to juveniles all of the protections afforded adults in criminal proceedings. But the Court in *McKeiver* was careful to point out: "Some of the constitutional requirements attendant upon the state criminal trial have equal application to that part of the state juvenile proceeding that is adjudicative in nature. *Among these are the rights to appropriate notice . . . ."* 403 U.S. at 533, 91 S.Ct. at 1980 (emphasis added).

The judgment of the trial court is reversed and the cause is remanded for further proceedings after service of notice on appellant in accordance with the requirements of Rule 124.