**The STATE of Texas, Petitioner,**

v.

**Jose CASANOVA, Respondent.**

No. B–3869.

Supreme Court of Texas.

May 16, 1973.

Ted Butler, Dist. Atty., Antonio G. Cantu, Asst. Dist. Atty., San Antonio, for petitioner.

Herman Glosserman, San Antonio, for respondent.

PER CURIAM.

This is an action initiated by the State of Texas seeking a declaration of delinquency as against Jose Casanova, a juvenile. The juvenile court rendered judgment declaring Casanova to be a delinquent. On appeal the court of civil appeals reversed and remanded. 489 S.W.2d 727.

On December 7, 1971, the Criminal District Attorney of Bexar County filed a petition seeking a declaration that Jose Casanova was a juvenile delinquent. On December 8, 1971, an order was entered appointing a Mr. Glosserman to represent Casanova and to act as his Guardian Ad Litem. At this point no one had been served with process. On December 14, 1971, Casanova's mother was served. The citation directed her to appear personally and to bring her son before the juvenile court.

On January 13, 1972, Mrs. Casanova was again served with process, which notified her that an amended petition had been filed, and which again directed her to be present in juvenile court and to bring her son.

Subsequently, Mrs. Casanova was substituted for Mr. Glosserman as Guardian, and Casanova, his mother and Mr. Glosserman, as his attorney, were present at the hearing on January 24, 1972. Mr. Glosserman called one witness, a Deputy District Clerk, who established only that no process whatever had been served on Jose Casanova personally.

On January 25, 1972, the juvenile court entered judgment declaring Jose Casanova to be a juvenile delinquent, and remitted him to the custody of the Texas Youth Council for an indefinite period not to extend beyond his 21st birthday.

On appeal the court of civil appeals noted that, although the statute relating to juvenile delinquency proceedings, Article 2338–1, Vernon's Ann.Civ.St., did not provide for notice to the child, it was the child who was subject to deprivation of his liberty. Under Texas law juvenile delinquency proceedings are governed by the Texas Rules of Civil Procedure, and therefore Rule 124, T.R.C.P., which prohibits the rendition of any judgment against any defendant "unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant . . .," clearly requires service to be had on Jose. The court of civil appeals went on to note that there was no waiver by appearance because, in Texas, a minor lacks the capacity to waive service, and further that no one may waive it for him.

While we agree with the holding of the court of civil appeals in regard to the necessity for service of process, we note that Jose Casanova became seventeen years of age on April 25, 1972. The court of civil appeals judgment was entered on December 27, 1972. Where a delinquency judgment is reversed the appellate courts are authorized to dismiss the proceedings and to discharge the minor, or to remand the cause for a new trial if the juvenile is under seventeen. Article 2338–1, § 21. If the juvenile is seventeen, there can be no remand for a new trial because there is no such jurisdiction in the juvenile courts. Carrillo v. State, 480 S.W.2d 612 (Tex. 1972). Thus the court of civil appeals erred by ordering a remand.

Accordingly, under the Provisions of Rule 483, Texas Rules of Civil Procedure, we grant the writ of error, and without hearing argument, we reverse the judgment of the court of civil appeals, vacate the judgment of the juvenile court, and dismiss the case.