We cannot agree with appellees' contention that the extent to which taxpayers are entitled to relief in a suit to enjoin the payment of taxes is dependent primarily upon whether the attack made upon the levy is direct or collateral, the determinative question being whether or not the plan has been "put into effect." Appellant insists that the phrase "put into effect" has consistently been construed as meaning the final correction of the tax rolls and the beginning of the collection process, citing *Milligan v. Corsicana Independent School District*, 381 S.W.2d 97 (Tex.Civ.App.1964, writ ref'd n. r. e.). Appellees then contend that since their attack upon the levy was before it had been put into effect, the attack was direct and that under the facts before us a temporary injunction will lie. We agree with appellees that injunctive relief may lie in certain cases where the tax plan has not yet been put into effect. *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414 (1954). However, for parties in a situation such as theirs to prevail, the law also requires proof of substantial injury. See *Duffey, Bynum* and *Lancaster*, cited above, where injunctive relief sought to prevent the collection of the taxes was denied for a failure to show substantial damage on the part of those taxpayers seeking the injunctions. Also see *Seguin Independent School District v. Blumberg*, 402 S.W.2d 552 (Tex.Civ.App.1966, writ ref'd n. r. e.); *Whelan v. State*, 155 Tex. 14, 282 S.W.2d 378 (1955); *City of Arlington v. Cannon, supra; Montgomery County v. Humble Oil and Refining Co.*, 245 S.W.2d 326 (Tex.Civ.App.1951, writ ref'd n. r. e.).

We note that the court also found that the taxing procedure disregards controlling statutory requirements for the assessment and collection of *ad valorem* taxes, and held further that the rule announced by this Court in *Nelson v. Blanco Independent School District*, 386 S.W.2d 636 (Tex.Civ.App.1965, no writ), justified the granting of the temporary injunction. *Nelson v. Blanco Independent School District* involved an illegal tax assessment. From a review of the record before us we find that there is insufficient evidence of any illegality of the assessment, or of any of the other statutory requirements alluded to in the judgment. Consequently, at this stage of the proceeding, we will address ourselves solely to the question of injunctive relief, reverse the judgment of the trial court and dissolve the temporary injunction.

Reversed and Temporary Injunction Dissolved.

**In re I. Y.**

**No. 4889.**

Court of Civil Appeals of Texas, Eastland.

March 18, 1976.

Eddie D. Gose, Coleman, for appellant.

Wallace E. Dingus, County Atty., Coleman, for appellee.

WALTER, Justice.

Jurisdiction over I. Y. was waived by the juvenile court and jurisdiction was transferred to the 35th District Court of Coleman County for criminal proceedings. I. Y. was charged with a felony, if committed by an adult.

The juvenile court rendered a judgment waiving jurisdiction and transferring the defendant for criminal proceedings. I. Y. has appealed.

Appellant contends the State failed to comply with the requirements of Section 54.02 of the Family Code. This section provides the juvenile court may waive jurisdiction and transfer the child for criminal proceedings if:

"(3) _ _ _ _ ; . . .

(b) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court."

The summons served upon the appellant stated:

"The purpose of the hearing at the above date and time is to consider waiver of jurisdiction and discretionary transfer."

The words "to criminal court" were omitted.

In *R. K. M. v. State*, 520 S.W.2d 878 (Tex.Civ.App.—San Antonio 1975, no writ), the court held the omission of the words "to criminal court" in the summons was error. The court said:

"We see no reason not to adhere to the clear and unambiguous provisions of Section 54.02(b). The statute provides that the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court. The summons here did not do so. We are not inclined to hold that the word "must" as used in the statute means "perhaps," "maybe," "sometime," or "substantially." It is an easy matter to tract the language of the statute and to do so would not work a hardship on anyone . . . ."

Also see *D. L. C. v. State of Texas*, 533 S.W.2d 157 (Tex.Civ.App.—Austin, 1976).

The judgment is reversed and the cause is remanded.

**CRYSTAL CITY INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

**v.**

**B. K. JOHNSON et al., Appellees.**

**No. 908.**

Court of Civil Appeals of Texas, Tyler.

March 18, 1976.

