Perry JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 53086.

Court of Criminal Appeals of Texas.

May 18, 1977.

Rehearing Denied June 14, 1977.

Robert T. Baskett, Court appointed, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell J. Templeton, John D. Ovard and Robert E. Whaley, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of murder under the former Penal Code. The punishment is imprisonment for life.

At the time of the offense appellant was over fifteen years of age, but under seventeen years of age. The offense occurred on March 25, 1972; appellant was born on March 18, 1957. Appellant contends the juvenile court did not have jurisdiction over him; therefore, its order waiving its jurisdiction and certifying him for criminal prosecution was void. We agree and reverse the conviction.

We are initially confronted with the question of whether the records of the juvenile court were properly included in the record on appeal. Without further discussion of this point we observe that the record was supplemented by the State in the manner approved by this Court in *Ellis v. State,* 543 S.W.2d 135 (Tex.Cr.App.1976).

Appellant contends the record shows on its face that the juvenile court did not have jurisdiction over him; therefore, its order waiving jurisdiction and certifying him for criminal prosecution was void. Appellant argues that he was never served with process in the juvenile court, thus the court never acquired jurisdiction over him.

The record reflects that a petition was filed in the juvenile court on March 28, 1972, alleging that appellant was a delinquent child. This petition was amended the same day. On March 29, 1972, the State filed a petition for certification asking the juvenile court to waive jurisdiction and certify the appellant for criminal proceedings as an adult. See Article 2338–1, Section 6, V.A.C.S. The record does not show that a summons was ever issued on any petition filed by the State.[1] The only indication that there was ever any service of process is a notation on a separate piece of paper found in the record following the State's original petition which alleged that appellant was a delinquent child. There are two notations on this paper; the first reads, "Came to hand this Date 3/___, 1972—By Placing in the _uvenile home." The second notation reads, "Executed this date, March 28, 1972—By placing in the Juvenile Home." Both notations are signed by a deputy sheriff. The record does not reflect that appellant's mother, his only living parent and guardian, was ever served with a summons or even a copy of any of the State's petitions.

The appellant was represented by an attorney ad litem in the juvenile court. The appellant, his mother, and his attorney were all present at the hearing in the juvenile court. Although notice of appeal was given, the appellant did not appeal the order of the juvenile court to the Court of Civil Appeals. The appellant was indigent at the time of the certification proceedings. Both appellant and his mother testified that they did not waive the right to appeal the certification order. In any event, the failure to appeal to the Court of Civil Appeals would not waive a jurisdictional defect.

The certification proceedings in this case were governed by Article 2338–1, V.A.C.S.[2] Section 8 of Article 2338–1 provided in part:

"After a petition shall have been filed, and after such further investigation as the Judge may direct, unless the parties hereinafter named shall voluntarily appear, the court shall issue a summons reciting briefly the substance of the petition, and requiring the person or persons

---

1. The deputy district clerk who identified the records from the juvenile court testified that they were a full and complete record of the juvenile proceedings.

2. Certification proceedings by the juvenile courts are now governed by V.T.C.A. Family Code, Section 54.02, which became effective on September 1, 1973.

who have the custody or control of the child to appear personally and bring the child before the court at a time and place stated. If the person so summoned shall be other than the parent or guardian of the child, then the parent or guardian, or both, shall be notified of the pendency of the case and of the time and place appointed, by personal service before the hearing, if they reside within the jurisdiction of the court, except as hereinafter provided. Summons may be issued requiring the appearance of any other person whose presence, in the opinion of the Judge, is necessary."

■ *Casanova v. State,* 489 S.W.2d 727 (Tex.Civ.App.—San Antonio 1972), held that in a juvenile delinquency proceeding under Article 2338–1, V.A.C.S., the juvenile *must* be *personally* served with process. In *Casanova* the juvenile's mother was personally served with a summons directing her to appear and bring her son to court. The Court of Civil Appeals noted that Article 2338–1, Section 8, V.A.C.S., was silent as to personal notice to the juvenile; thus, the proceedings were governed by the Rules of Civil Procedure. Rule 124 of the Texas Rules of Civil Procedure prohibits the rendition of *any* judgment against *any* defendant "unless upon service or acceptance or waiver of process, or upon an appearance by the defendant . . ." Although the juvenile appeared in court, the Court of Civil Appeals said, "The rule is well established in this jurisdiction that a minor, even in a civil proceedings, lacks the capacity to waive service, and that no one may waive it for him. *Wright v. Jones,* 52 S.W.2d 247

(Tex.Com.App.1932); 2 McDonald, Texas Civil Practice, Citation, Section 9.02, p. 364 (1970 rev.)." See also *Franks v. State,* 498 S.W.2d 516 (Tex.Civ.App.—Texarkana 1973, no writ).[3]

As in the case at bar, the State in *Casanova* relied upon *In re Gonzalez,* 328 S.W.2d 475 (Tex.Civ.App.—El Paso 1959, writ ref'd n. r. e.). *Gonzalez* held that notice was not required where a parent and child were present at trial. The Court of Civil Appeals in *Casanova* distinguished *Gonzalez* by saying that the Court in *Gonzalez* focused its attention on the lack of service on the parent. In addition, the Court said:

"To hold, as, perhaps, the El Paso Court arguably held in *Gonzalez,* that Section 8 disposes with the requirement of personal notice to the child, serious constitutional questions arise. The Supreme Court of the United States has held that due process requires 'that the child *and* his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing,' and that due process requires 'notice which would be deemed constitutionally adequate in a civil or criminal proceeding.' *In re Gault,* 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967)."

The Supreme Court granted a writ of error in *Casanova v. State,* supra. *State v. Casanova,* 494 S.W.2d 812 (Tex.Sup.1973). The Supreme Court of Texas expressly agreed with the holding of the Court of Civil Appeals in regard to the necessity for service of process.[4]

---

**3.** V.T.C.A. Family Code, Section 53.06, now provides that the juvenile court *shall* direct the issuance of a summons to the child. Subsection (e) of Section 53.06 provides:

"A party, *other than the child,* may waive service of summons by written stipulation or by voluntary appearance at the hearing." (Emphasis added.)

The juvenile court can not require jurisdiction over the juvenile in the absence of personal service of the summons on the child. *In re T. T. W.,* 532 S.W.2d 418 (Tex.Civ.App.—Texarkana 1976, no writ); *In re M. W.,* 523 S.W.2d 513 (Tex.Civ.App.—El Paso 1975, no writ). Moreover, the juvenile court cannot waive its jurisdiction and transfer the child to the district court for criminal proceedings, unless the summons specifically states that the hearing is for the purpose of considering discretionary transfer to criminal court. V.T.C.A. Family Code, Section 54.02(b); *In re K. W. S.,* 521 S.W.2d 890 (Tex.Civ.App.—Beaumont 1975, no writ); *R. K. M. v. State,* 520 S.W.2d 878 (Tex.Civ.App.—San Antonio 1975, no writ); *In re I. Y.,* 535 S.W.2d 729 (Tex.Civ.App.—Eastland 1976, no writ).

**4.** However, the judgment of the Court of Civil Appeals was reversed and vacated, and the case was dismissed because the appellant had become seventeen years of age.

■ The record in the instant case shows that the appellant was never properly served with any process in the juvenile court. The sheriff's notation does not show what instrument he allegedly served. If we assume he served a copy of the original delinquency petition that immediately preceded the sheriff's notation in the record, this would not constitute a summons because it does not state the time and place the appellant was to appear in court. See Article 2338–1, Section 8, supra. Moreover, the sheriff's notation does not affirmatively show that he delivered any papers to the appellant personally. In any event, the sheriff's notation could not be construed as service of the petition for certification because it was not even filed until March 29, 1972.

When the civil courts of this State have first construed a statute, this Court follows the policy of adopting such construction. *Jernigan v. State,* 166 Tex.Cr.R. 302, 313 S.W.2d 309 (1958). Likewise, our Supreme Court follows the same policy and accepts the construction this Court places upon criminal statutes. *Shrader v. Ritchey,* 309 S.W.2d 812 (Tex.Sup.1958). Since the jurisdiction of the juvenile court in this case is controlled by the Rules of Civil Procedure, the interpretation of the rules given in *Casanova v. State,* supra, controls.

The record in the instant case shows on its face that the juvenile court did not have jurisdiction over the appellant. Since it did not have jurisdiction its order waiving its jurisdiction and certifying the appellant for criminal proceedings was a nullity. The appellant was under seventeen years of age at the time of trial on February 20, 1973. We hold that the district court did not have jurisdiction to try the appellant for a criminal offense in the absence of a valid waiver of jurisdiction by the juvenile court. Article 30, Section 2, V.A.P.C. (1925).

The judgment is reversed and the cause remanded.

Opinion approved by the Court.