**In the Matter of D.B.C.,
a Juvenile.**

**No. 14379.**

Court of Appeals of Texas,
Austin.

June 12, 1985.

William D. King, Austin, for appellant.

Ronald Earle, Dist. Atty., Lawrence Russell, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

GAMMAGE, Justice.

D.B.C., a juvenile, appeals from the order of the juvenile court transferring him to the district court for criminal prosecution, pursuant to Tex.Fam.Code Ann. § 54.02 (1975). We will affirm the juvenile court's order.

Following the filing of criminal charges against him, D.B.C. was served with process by a juvenile probation officer of Travis County, Texas, summoning him to appear for a transfer hearing pursuant to § 54.02, *supra.* D.B.C. appeared at the hearing, was represented by counsel, and was thereafter transferred to the district court for prosecution. The claimed error arises from the purportedly ambiguous language of Tex.Fam.Code Ann. § 53.07(c) (1975), concerning the service of summons upon a juvenile, which provides in pertinent part:

  (c) Service of the summons may be made by any suitable person under the direction of the court.

D.B.C. contends that this provision requires the service to be made *at the* direction of the court, *i.e.,* that the court must order a suitable person to serve summons upon the juvenile. The State argues that service must be made by a *suitable person* who is *under the direction* of the court, and no express order need exist for the service to be valid. D.B.C. concedes that even a "blanket

order" directing service in all juvenile cases would be sufficient.

D.B.C. erroneously relies upon *Sauve v. State*, 638 S.W.2d 608 (Tex.App.1982, pet. ref'd) to support his argument. Our review of *Sauve* reveals that it involves a collateral attack, after conviction of the accused in the district court, on a transfer order from the juvenile court. The Court of Appeals in Dallas held in that case that the record need not affirmatively show that the person executing service was a suitable person acting "under the direction of the court," but to the contrary, where a return is valid on its face, the accused "has the burden of establishing that the officer was not directed to serve summons by the juvenile court *and* was not suitable."

The record herein does not contain an express order of the juvenile court directing the probation officer to serve summons upon D.B.C. In his sole point of error, D.B.C. contends that the trial court erred in refusing to grant rehearing based upon this lack of an express order. It is undisputed that D.B.C. received the summons, was present at the hearing, was represented by counsel, and that a juvenile probation officer is a suitable person within the scope of art. 53.07(c). *See P.G. v. State*, 616 S.W.2d 635, 638 (Tex.Civ.App.1981, writ ref'd n.r.e.).

■ The State correctly argues that juvenile probation officers are officers of the court, and as such are under the continuing *direction* of the court. *P.G. v. State, supra;* Tex.Rev.Civ.Stat.Ann. art. 5142 (1971).

■ In construing statutes, we must assign the language its plain and ordinary meaning, construing it reasonably and with common sense. *Satterfield v. Satterfield*, 448 S.W.2d 456 (Tex.1969); *National Surety Corp. v. Ladd*, 131 Tex. 295, 115 S.W.2d 600 (Tex.1938). The manifest purpose of § 53.07(c) is to require that service be made upon a juvenile by one acting in an official capacity. This requirement insures that the juvenile both receives the notice and realizes its import. A juvenile probation officer, such as the one who served D.B.C., is only completing the natural and logical steps prescribed in the Family Code. It would be unreasonable to require such a probation officer to secure a recorded express order from the juvenile court each and every time service upon a juvenile is necessary. Similarly, a blanket order covering service of all juveniles would not provide any additional element of supervision by the juvenile court, nor provide any additional direction for juvenile probation officers making such service in a particular case.

 We therefore hold that § 53.07(c) does not require an express order of the juvenile court directing service of the summons. The summons need only be served by a "suitable person" who is "under the direction of the [juvenile] court." Therefore, the order of the juvenile court is affirmed.