**In the Matter of K.P.S., a Juvenile.**

**No. 13–91–584–CV.**

Court of Appeals of Texas, Corpus Christi.

Oct. 8, 1992.

---

Michael D. George, Constance A. Luedicke, Corpus Christi, for appellant.

Carlos Valdez, County Atty., Jay M. Wright, M. Kelly Lynn, Asst. County Atty., Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Appellant and another juvenile were charged with delinquent conduct arising from attempted capital murder. A joint adjudication was held before a jury. The

jury found that appellant engaged in delinquent conduct and assessed punishment at twenty years' commitment to the Texas Youth Commission. The issues presented for our review are whether the trial court had jurisdiction and whether oral and written confessions were admissible as hearsay exceptions. We affirm the trial court's judgment.

Police arrested appellant and three others for the attempted capital murder of a pizza delivery man. On the night of the incident, an unknown person telephoned a local Pizza Hut and ordered two pizzas. Delivery was requested to an address on Lawton Street in Corpus Christi, Texas. When the delivery man arrived at the address, he was assaulted and robbed. He was hospitalized with serious injuries. He remained in a coma for seven to ten days. A day or two after the incident, during the continuing police investigation, one officer conversed with a juvenile present on Lawton Street. The juvenile accompanied the officer in his squad car and conducted him on a tour of the area where the offense occurred. During the trip, the juvenile admitted his participation in the offense, along with appellant's and two other boys'. Their arrests followed. Two of the boys were certified to stand trial as adults. Appellant was taken into custody and remained there until adjudication.

The State filed a petition for adjudication in the juvenile court. TEX.FAM.CODE ANN. § 53.045 (Vernon 1986). The judge of the 148th State District Court, sitting as the juvenile court, held a pre-trial conference. Appellant, his guardian, his attorney, appellant's co-defendant E.G., and the State, attended. After discussing voir dire arrangements, the trial judge called appellant and his guardian to the bench. He ordered that they both be served with the State's original petition for adjudication. He then informed the parties of the time, date, and place of trial and told them he would see them there. Twelve days later, the adjudication proceeding before the jury began.

■■■■ By his first two points of error, appellant claims that the trial court did not have jurisdiction over him because the court neither issued nor served appellant with a summons. He argues that his appearance at the pre-trial conference with his guardian and his attorney is inconsequential. The Family Code requires that a juvenile be personally served with a summons. *In the Matter of D.W.M.*, 562 S.W.2d 851, 852–53 (Tex.1978); *In the Matter of W.L.C.*, 562 S.W.2d 454, 455 (Tex. 1978); TEX.FAM.CODE ANN. § 53.06(a), 53.-07(c) (Vernon 1986). Absent an affirmative showing on the record of service upon the juvenile, the juvenile court is without jurisdiction. *In the Matter of D.W.M.*, 562 S.W.2d at 853; *In the Matter of W.L.C.*, 562 S.W.2d at 455; *In the Matter of H.R.A.*, 790 S.W.2d 102, 107–08 (Tex. App.—Beaumont 1990, no writ). The question thus presented is whether the trial judge's oral summons and in-court service to the appellant, his guardian, and his attorney were sufficient to satisfy the requirements of §§ 53.06 & 53.07. We find that they were.

■■■■ *In re Gault* held that due process mandates that a juvenile charged with delinquency must receive notice that would be deemed constitutionally adequate in a civil or criminal proceeding. *In re Gault*, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967). Such notice must be given sufficiently in advance of proceedings to allow the juvenile a reasonable opportunity to prepare. *Gault*, 387 U.S. at 33, 87 S.Ct. at 1446. Moreover, it must set forth the alleged conduct with particularity. Section 53.06 of the Family Code requires that the juvenile court issue a summons to the juvenile, along with a copy of the petition. The juvenile cannot waive this service. *In the Matter of H.R.A.*, 790 S.W.2d at 107–08. Any suitable person under the direction of the court may execute service. TEX.FAM.CODE ANN. § 53.-07(c). Section 53.07(c) requires that service be made upon a juvenile by one acting in an official capacity. "The requirement insures that the juvenile both receives the notice and realizes its import." *In the Matter of D.B.C.*, 695 S.W.2d 248, 249 (Tex. App.—Austin 1985, no writ). The statement of facts reveals that the trial court

ordered both appellant and his guardian to be served a copy of the petition in open court stating:

> I am hereby serving you with a copy ... of the petition, the original petition for adjudication and I am serving the juvenile with an *original petition for adjudication.* Let the record show that the juvenile and his [mother][1] have been served with a copy of the petition.

The trial court then informed them the date, time, and place that trial would be held and stated that he expected them to be there. The Rules of Civil Procedure assume that the summons will be in written form. Although it is better practice to serve the juvenile with a written summons, we hold that in this case, the in-court service of the State's petition for adjudication, along with the oral summons issued to the juvenile by the trial judge, satisfied the requirements of § 53.06(a), (b) and § 53.-07(c).

Appellant relies upon *Johnson v. State,* 551 S.W.2d 379 (Tex.Crim.App.1977), in which the Court of Criminal appeals held that the juvenile court did not have jurisdiction over the appellant because no proper service was made. The record in *Johnson* reflected that the sheriff served the juvenile with a document, but it did not specify what instrument that document was. The Court held that, even assuming the document was a copy of the original delinquency petition, service by the original petition was not sufficient because no summons accompanied it alerting appellant to the time and place he was to appear in court. The missing element in *Johnson* is present in the case at bar. The original petition was accompanied by the trial court's personal summons to the appellant. The Family Code's requirements have been met. We overrule appellant's first two points.

1. The trial court assumed that appellant's guardian was his mother. Defense counsel informed the court that she is appellant's sister and legal guardian.

2. The Rules of Civil Evidence govern juvenile adjudication proceedings because juvenile proceedings are civil in nature rather than criminal. *In re D.B.,* 594 S.W.2d 207, 209 (Tex.Civ.

 By point three, appellant complains that the trial court reversibly erred in admitting two co-defendant's oral and written hearsay statements made after the offense and not in furtherance of any conspiracy. Officer Rivera testified that when he was investigating the crime scene, he saw a young black male riding a skateboard down the street towards the house where the incident occurred. The officer began to suspect that the young man, Desmon King, was not just a witness, but actually participated in the crime when King told Rivera that he had taken the pizzas. Defense counsel's initial objection was sustained by the trial judge. The prosecutor continued his examination, and subsequently, the witness testified without objection that King said, "I took the pizzas." By the time the defense objected again, Rivera had already stated three times that King said he took the pizzas. In order to preserve error for appeal, an objection must be made before the evidence is admitted. *Polk v. State,* 729 S.W.2d 749, 753 (Tex.Crim.App.1987). Appellant's objection to King's oral statement that he took the pizzas was not timely and failed to preserve error. *Stevens v. State,* 671 S.W.2d 517, 521 (Tex.Crim.App.1984).

 Regarding the written confessions, counsel timely objected to the admission of State's exhibits 12 and 14—the confessions of Timothy Taylor and Desmon King. As stated earlier, Taylor and King were not involved in the joint adjudication. Appellant claims that their written confessions are hearsay and do not come in under the co-conspirator exception. He argues that, since the criminal act was completed before the two made their statements to police, the written confessions were not made "during the course and in furtherance of the conspiracy." See TEX.R.CRIM.EVID. 801(e)(2)(E).[2]

App.—Corpus Christi 1980, no writ); *see also In the Matter of S.B.C.,* 805 S.W.2d 1, 3, 7 (Tex. App.—Tyler 1991, writ denied); *In the Matter of O.L.,* 834 S.W.2d 415, 420 (Tex.App.—Corpus Christi 1992, n.w.h.); TEX.FAM.CODE ANN. §§ 51.-17, 54.03(d) (Vernon 1986). Appellant claims that the admission of the oral and written co-conspirator statements violated the hearsay rule and denied him his right to confront the wit-

A co-conspirator's statement or confession will not be considered hearsay, and therefore will be admissible, only if it is made during the course and in furtherance of the conspiracy. TEX.R.CRIM.EVID. 801(e)(2)(E). Here, the co-conspirators were in custody when they made their confessions, the objects of the conspiracy had been completed, and the co-conspirators were not attempting to conceal the crime or their cohorts. As such, the statements were not made during the course of or in furtherance of the conspiracy. *See Lewis v. State*, 521 S.W.2d 609, 610 (Tex.Crim. App.1975); *Rains v. State*, 94 Tex.Crim. 576, 252 S.W. 558, 560 (1923). We agree with appellant's argument that the co-conspirators' statements do not qualify as nonhearsay under the co-conspirator rule. It was error for the trial court to admit them.

However, the State later introduced the confessions of both appellant and his codefendant E.G. Appellant did not object. These confessions contained the same information as the confessions of King and Taylor. Each boy's role in the offense is described consistently in all of the confessions. Error in the admission of evidence can be rendered harmless if other evidence at trial is admitted without objection which proves the same fact that the inadmissible evidence sought to prove. *Anderson v. State*, 717 S.W.2d 622, 627–28 (Tex.Crim.App.1986), *cert. denied*, 496 U.S. 944, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990). Later still, the defense called both appellant and E.G. to the stand. Both boys confessed to the crime. We are of the opinion that the erroneous admission of the nondefendant co-conspirators' confessions did not constitute such a denial of appellant's rights that it was reasonably calculated to cause, nor did it cause rendition of an improper judgment. We are convinced beyond a reasonable doubt that the error made no contribution to the conviction or the punishment. *See Anderson*, 717 S.W.2d at 628; TEX.R.APP.P. 81(b)(1), (2). Point three is overruled.

The trial court's judgment is AFFIRMED.

---

nesses against him. Since juveniles are afforded the right of confrontation, we analyze the point under the rules governing the admission of co-conspirator's statements in criminal proceedings. *In re Gault*, 387 U.S. at 57, 87 S.Ct. at 1459; *Collins v. State*, 429 S.W.2d 650 (Civ.App. 1968); Tex.Code Crim.Proc.Ann. art. 1.05 (Vernon 1977).