## In re HOSKINS.

### No. 5729.

Court of Civil Appeals of Texas. Amarillo.

Nov. 25, 1946.

Rehearing Denied Dec. 16, 1946.

Earl R. Parker, of Dallas, for appellant.

H. Pat Edwards and Warren S. Cook, Asst. Dist. Atty., both of Dallas, for appellee.

PITTS, Chief Justice.

This is an appeal from an order of the juvenile court changing the custody of Joe Hoskins after he had been previously de- clared a delinquent child by the juvenile court.

The record reveals that the original proceeding was instituted under the provisions of the Juvenile Delinquency Act, Article 2338—1, Vernon's Annotated Civil Statutes. At that hearing a petition in due form was filed in the juvenile court of Dallas County on April 4, 1945, and the hearing was had before Honorable John A. Rawlins, Judge of the juvenile court, on April 18, 1945, without the intervention of a jury and with all the necessary parties present. The record further reveals that the said juvenile court found that Joe Hoskins was born on September 17, 1930, and further found him to be a delinquent child and committed him to the City-County Industrial School for an indeterminate period from one year until the date he reaches the age of twenty-one, to wit, September 17, 1951, subject to the further orders of the said court and that no appeal was perfected from the said judgment; that on July 24, 1945, S. M. Davis, Chief Probation Officer of Dallas County, filed an application in the juvenile court alleging that Joe Hoskins had been previously committed to the City-County Industrial School in accordance with the previous order of the court but that he had been unofficially released from the said institution; that he had committed further acts in violation of the law and petitioner prayed that the custody of Joe Hoskins be changed from the City-County Industrial School to the Gatesville State School for Boys; that on July 26, 1945, a hearing was had before Honorable W. L. Thornton, Judge of the 44th Judicial District, sitting for the juvenile court, and the application of the said S. M. Davis, Chief Probation Officer, to change the custody of the said Joe Hoskins to Gatesville State School for Boys was granted subject to the further orders of the court and he was committed to said school; that on August 9, 1945, Joe Hoskins, by and through his attorney here of record and his father, John W. Hoskins, as next friend, filed a lengthy motion in the District Court of the 95th Judicial District attacking the proceedings previously had in the charges made against Joe Hoskins and the hearings on the same and further alleg-

ing that the original judgment in the case of date April 18, 1945, was void and prayed for a rehearing of the last aforesaid judgment of date July 26, 1945; that on August 14, 1945, a lengthy reply thereto was filed by S. M. Davis, Chief Probation Officer, joining issues with Joe Hoskins on the matters pleaded in his motion for a rehearing; that on August 15, 1945, the issues in the motion for rehearing and reply thereto were heard by "Olin E. Nesmith, Special Judge 95th District Court, sitting for judge, 95th District Court," at which hearing the court found that the original judgment in the case of date April 18, 1945, was valid but it sustained the motion of Joe Hoskins, set aside the judgment of date July 26, 1945, recalled Joe Hoskins from the Gatesville Training School for Boys and committed him to the City-County Industrial School as provided for in the original judgment from which order there entered no appeal was perfected; that on August 28, 1945, the parties and their counsel appeared for a further hearing in the matter before Honorable John A. Rawlins, Judge of the juvenile court, when an agreed judgment approved by the said court was entered to the effect that Joe Hoskins, who had been declared a delinquent child on April 18, 1945, be and he was recalled from the City-County Industrial School and he was there sentenced to Gatesville State School for Boys but the sentence was suspended pending his good behavior and he was placed in the care and custody of his sister, Mrs. B. D. Patrick, and he was also required to report each week to the probation officer from which order no appeal was perfected.

It further appears that on May 16, 1946, James E. Tidwell, Assistant Probation Officer of Dallas County, filed in the juvenile court an application asking that the custody of Joe Hoskins be changed from his sister, Mrs. B. D. Patrick, to the Gatesville State School for Boys alleging that the said Joe Hoskins had violated the conditions of his suspended sentence and parole to his said sister; that on March 19, 1946, Joe Hoskins, through his attorney of record and his father, John W. Hoskins, as next friend, answered and joined issues with the said Assistant Probation Officer,

challenged the jurisdiction of the court and again claimed the original judgment in the case of date April 18, 1945, was void; that on March 26, 1946, Honorable Dick Dixon, Judge of the juvenile court, heard the issues raised in the said application and reply thereto with all parties present and found that the order of August 28, 1945, paroling Joe Hoskins to his sister, Mrs. B. D. Patrick, should be revoked and that it would be for the best interest of Joe Hoskins that he be committed to the custody of the Gatesville State School for Boys for an indeterminate period of from one year until he reaches the age of twenty-one years, to wit, September 17, 1951, subject to the further orders of the said court and it was so ordered from which order changing the custody of the said child an appeal was perfected to the Court of Civil Appeals at Dallas and the same was transferred to this Court by the State Supreme Court.

Appellants, Joe Hoskins and his father, John W. Hoskins, assigned fourteen points of error attacking the proceedings generally but particularly contending that the original judgment of conviction was void and therefore all subsequent proceedings were void for want of jurisdiction, complaining because the trial judge declined to empanel a jury for the last hearing and making other contentions that will be later herein discussed.

 Appellants challenged the authority of Honorable John A. Rawlins, Judge of the 116th Judicial District, to serve as judge of the Dallas County Juvenile Court at the time the original judgment was entered on April 18, 1945, declaring Joe Hoskins to be a delinquent child. They further challenged the sufficiency of the order of the Dallas County Juvenile Board naming Honorable John A. Rawlins judge of the Dallas County Juvenile Court and contend that because of the insufficiency of the said order, Dallas County had no juvenile court at the time the original judgment in this case was entered. The said order as taken from the minutes of the 116th Judicial District of Dallas County showing a meeting and the proceedings of the Juvenile Board of Dallas County designating a

juvenile judge on December 16, 1944, reads as follows:

"Meeting called to order by the Chairman, John A. Rawlins; Present: Judges Cramer, Stinson, Winter King, Henry King, Bush, Hughes and Templeton. Absent: Judge W. L. Thornton, (excused).

"On nomination by Judge Paine L. Bush, seconded by Judge William Cramer, Judge Jno. A. Rawlins was unanimously elected Chairman of the Juvenile Board and Juvenile Judge of Dallas County, for a period of six months beginning January 1, 1945. * * * /s/ Jno. A. Rawlins, Chairman."

Section 4 of Article 2338—1 provides in part as follows:

"There is hereby established as follows, in each county of the state, a court of record to be known as the Juvenile Court * * *.

"In counties having juvenile boards, such boards may designate the County Court or one or more of the District Courts or Criminal District Courts to be the Juvenile Court or Courts for such county, and such designation may be changed from time to time by such juvenile boards."

Appellants contend that since the Juvenile Board designated a judge to serve as "Juvenile Judge of Dallas County" rather than to designate a court as the "Juvenile Court" as provided for in section 4 of the said Act that the order of the Board attempting to designate a juvenile court for Dallas County failed to properly designate such court, left Dallas County without a juvenile court and the attempt of the said Honorable John A. Rawlins to sit as a juvenile court "was without power to enter the order it did enter on April 18, 1945, and the said order is void."

We do not agree with appellants' contention in this matter. It is obvious that the Juvenile Board intended to designate the 116th District Court as the Juvenile Court for a six months period from January 1, 1945, with Honorable John A. Rawlins as Judge of the Juvenile Court for such period. However, the law delegates the "power" and authority to the District Court or to the County Court, as the case may be, to serve as a juvenile court and the law further provides that the Juvenile Board of a county the size of Dallas County *may* designate one or more of the courts of the county as a juvenile court but the authority for such designation is only permissive and is done only for the sake of expediency. The juvenile court of Dallas County does not receive its jurisdiction as such from any act of the Juvenile Board but its jurisdiction is fixed by law as authorized by the Constitution. We further find that section 3 of the Juvenile Act says, "The word 'Judge' means the Judge of the Juvenile Court" and the Dallas County Juvenile Board probably so observed when it designated a "judge" as "Juvenile Judge of Dallas County."

The record reveals that appellants, through their attorney of record here invoked the jurisdiction of the 95th Judicial District by filing a motion for rehearing therein on August 9, 1945, as heretofore referred to, in which motion they raised the same questions here raised concerning the jurisdiction of the court to enter the former orders and claimed the judgment in the original proceedings in this case was void. The court heard the same issues there that appellants have raised here and found against them on said issues on August 15, 1945. The same issues were again adjudicated against appellants by an agreed judgment entered by the juvenile court on August 28, 1945, and no appeal was perfected from either of said judgments.

It is our opinion that the Honorable John A. Rawlins, Judge of the 116th Judicial District, had authority to sit as Judge of the Juvenile Court of Dallas County and render the original judgment finding Joe Hoskins to be a delinquent child and that the said judgment is valid. (It is our opinion further that the question of the validity of the said judgment has been previously litigated by appellants and the court found against them on the issue from which finding no appeal was perfected.) We further believe that the judgment of the court entered on March 26, 1946, revoking a former order of parole of the child and committing him to the State Training School at Gatesville is a valid order and that the validity of any inter-

vening orders made between the original judgment and the latter judgment is not material to this appeal. We therefore overrule appellants' points of error contending that the trial court was without jurisdiction to render the latter judgment for the reason the original judgment in the case was void.

Appellants complain further because the trial court denied the right of trial of the last hearing before a jury. The record reveals that they reserved a bill of exception to the trial court's ruling on such question and the trial court qualified the said bill at length reviewing the former proceedings in the case and stating that the hearing then being had was only one to determine whether or not Joe Hoskins had violated his parole to his sister, Mrs. B. D. Patrick, and whether or not the order of custody should be changed and that such a matter was left to the sound discretion of the juvenile judge.

■ The Juvenile Delinquency Act sets up a complete jurisdiction and procedure for the hearing of juvenile delinquency cases and there is no other law, civil or criminal, to govern such cases. In re Dendy, Tex.Civ.App., 175 S.W.2d 297. The Act does not undertake to prosecute, convict, and punish a child for crime. It defines the term "delinquent child" and thus furnishes the bases for proceedings under the Act. The only issue to be determined at the trial is whether or not the juvenile is a "delinquent child" within the meaning of the Act. The Act gives broad powers to the trial court in handling the cases arising thereunder. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217; Steed v. State, Tex.Sup., 183 S.W.2d 458.

■ The Act likewise authorizes a trial by jury when a jury is properly demanded to determine whether or not the child is a delinquent child. That issue had been previously determined in this case at the original hearing and a judgment entered declaring Joe Hoskins to be a delinquent child and committing him to an institution subject to further orders of the trial court. His custody had been changed several times until he was finally placed in the custody of his sister, Mrs. D. B. Patrick, subject to his good behavior and further orders of the court. Under the provisions of the Act the question of modifying or revoking former orders entered in a juvenile case is discretionary with the trial court and upon proper notice it is wholly within the sound discretion of the trial court to determine whether or not it will be for the best interest of the child to commit it to the custody of an institution. It was therefore not error for the trial court to refuse a request for a jury in the hearing and appellants' complaint about such refusal is therefore overruled.

■ Appellants complain that the trial judge manifested an intense interest in the case, examined the witnesses and was not impartial in the hearing. The record reveals that the trial judge was apparently conscious of the responsibility that rested upon him, that he was intensely interested in the case and in the welfare of the child. It further appears that the trial judge safeguarded the child's interest in every particular and was impartial in the hearing conducted. We therefore overrule appellants' complaint that the trial judge was not impartial in the proceedings.

■ Appellants complain that the trial court erred in admitting and considering hearsay testimony and in hearing and considering testimony that was not raised by the pleadings.

The hearing was had to determine whether or not the child had violated its parole and to determine what was for the child's best interest in the future. The Juvenile Act gives the court much discretion in conducting such a hearing and specifically provides that "The Judge may conduct the hearing in an informal manner." In this hearing the pleadings authorized much latitude at the hearing; however, it has been held that a court may conduct a hearing such as this without pleadings. In re Fisher, Tex.Civ.App., 184 S.W.2d 519. It has likewise been often held that the trial court is not limited to the ordinary rules of pleading in a hearing pertaining to the custody of a minor child. Williams v. Guynes, Tex.Civ.App.,

97 S.W.2d 988; Conley v. St. Jacques, Tex.Civ.App., 110 S.W.2d 1238; Brillhart v. Brillhart, Tex.Civ.App., 176 S.W. 2d 229; Lanford v. Carruth, Tex.Civ.App., 186 S.W.2d 368. The record reveals that the trial court excluded from consideration at the hearing all hearsay testimony. If such had not been excluded it is presumed that the trial court did not consider any improper evidence heard. Landwer v. Fuller, Tex.Civ.App., 187 S.W.2d 670. We overrule appellants' points of error complaining that improper evidence was heard and considered by the trial court.

There is only one paramount issue for us to determine on this appeal although we have carefully considered and passed on all the assignments of error. The paramount question to be determined here is whether or not the trial court on March 26, 1946, abused its discretion in revoking its former order of parole and in committing Joe Hoskins to the State Training School for Boys at Gatesville. A careful examination of the record and all assignments of error reveal that it did not abuse its discretion. Appellants' points of error are therefore overruled and the judgment of the trial court is affirmed.