Ronald C. HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 14862.

Court of Civil Appeals of Texas, San Antonio.

April 22, 1970.

Rehearing Denied May 20, 1970.

---

**430**

John L. Sanders, Harry B. Adams, III, San Antonio, for appellant.

Ted Butler, Sparta Bitsis, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from a judgment of the District Court of Bexar County sitting as a juvenile court, finding appellant to be a delinquent child and ordering him committed to the care, custody and control of the Texas Youth ·Council to be placed in the Gatesville State School for Boys.

Appellant complains that the trial court erred in committing him to the Texas Youth Council for confinement in the Gatesville State School for Boys for an indeterminate period of time not extending beyond his 21st birthday, instead of committing him to the custody of his parents, without hearing any evidence as to how appellant's welfare and the best interests of the State would best be served.

Under the provisions of Article 2338–1, Sec. 13, Vernon's Ann.Civ.St., the Juvenile Court has certain alternatives once it has determined a child to be delinquent.[1] In Sec. 1 of Article 2338–1, the Legislature expressed a preference that a child adjudged to be delinquent be placed in the care, custody and control of its parents.[2]

Settled practices recognize three stages in juvenile proceedings, (1) the intake, (2) the adjudicatory hearing, and (3) the disposition. The first stage is the pre-judicial or intake stage, at which time juvenile authorities are confronted with and handle, for varying periods of time, cases of all kinds—truancy, insolence, smoking, runaways, morals, misdemeanors, felonies. The second stage is that of adjudication, the purpose of which is to determine judicially the truth of the allegations in a petition in delinquency. The third stage, disposition, is the process in reaching a considered judgment of the best method for handling the child adjudged a delinquent. See State v. Santana, 444 S.W.2d 614 (Tex.Sup. 1969). We are concerned here only with the third stage, disposition.

Appellant, a boy eleven years of age, was charged with burglarizing a dry cleaning plant. Trial was before the court without a jury. The trial court filed findings of fact and conclusions of law finding that appellant committed a burglary in violation of the penal laws of the State of Texas and that he is a delinquent child. Appellant does not attack these findings and does not

---

1. "(1) place the child on probation or under supervision in his own home or in the custody of a relative or other fit person, upon such terms as the court shall determine;

    "(2) commit the child to a suitable public institution or agency, or to a suitable private institution or agency authorized to care for children; or to place them in suitable family homes or parental homes for an indeterminate period of time, not extending beyond the time the child shall reach the age of twenty-one (21) years;

    "(3) make such further disposition as the court may deem to be for the best

interest of the child, except as herein otherwise provided."

2. "Section 1. The purpose of this Act is to secure for each child under its jurisdiction such care, guidance and control, *preferably in his own home*, as will serve the child's welfare and the best interest of the state; and when such child is removed from his own family, to secure for him custody, care and discipline *as nearly as possible equivalent to that which should have been given him by his parents*. (Emphases added.)

complain of the adjudication by the court that appellant is a delinquent child. We therefore deem it unnecessary to discuss the evidence pertaining to the offense committed. However, we have carefully examined the entire record, and find nothing therein pertaining to any inquiry or evidence as to how the child's welfare and best interest of the State would be served under the alternatives provided for by Article 2338–1, Sec. 13, after a child has been found to be delinquent. There is no evidence in the record indicating that the parents of appellant are not proper persons to have the care, custody and control of their minor son, Ronald. Nor is there any evidence that appellant had ever been in trouble before, or that his home conditions are detrimental to his welfare and best interests.

We have found only one Texas case which appears to be directly in point. This Court in Cantu v. State, 207 S.W.2d 901 (1948), stated: "It is error for a trial court to commit a delinquent child to others than the child's parents in the absence of evidence that such parents are not proper persons to have the care, guidance and custody of such minor, or that it is for the best interest of such minor and the State that he be committed to the custody of others than his own parents."

We sustain appellant's sole point of error. Appellant here is a boy only eleven years of age, and there is no evidence in the record that he had ever been in trouble before. Under the record, we hold the trial court was in error in ordering appellant committed to the Gatesville State School for Boys without hearing any evidence as to how the best interests of the child and the State will be served. That part of the judgment finding appellant to be a delinquent child is affirmed, but the judgment is reversed insofar as it orders appellant committed to the care, custody, and control of the Texas Youth Council for commitment to the Gatesville State School for Boys, and remanded to the trial court for a hearing to establish whether the child's welfare and best interests of the State will best be served by placing the child under supervision of his parents in his own home, or by the other alternatives provided for under Article 2338–1, Sec. 13.