David Wayne **ECHOLS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 645.

Court of Civil Appeals of Texas, Houston
(14th Dist.)

May 3, 1972.

Richard S. Garfinkel, Houston, for appellant.

Carol S. Vance, Dist. Atty., Nicholas S. Barrera, Joe S. Moss, Asst. Dist. Attys., Houston, for appellee.

BARRON, Justice.

This case involves the commitment of a minor previously adjudged delinquent, to the Texas Youth Council. On May 28, 1970, David Wayne Echols was declared delinquent and placed in the Harris County Boys School. Thereafter, on February 12, 1971, he was released from the school and placed in the custody of his mother, Evelyn Echols, under the supervision of the Harris County Juvenile Probation Department.

As a condition of his probation David signed, on January 11, 1971, an Agreement for Rules of Probation whereby it was stated that " . . . any violation of my Rules of Probation by me can result in a revocation of my probation and I can be placed where the Court thinks is best, which could be the Texas Youth Council." Some of the rules required David to report to his probation officer on the first of each month, and to " . . . attend school every school day and to make grades commensurate with my ability, and will contact my Probation Officer when absent." The probation department requested further consideration of this case after David was discovered absent from school without proper permission on numerous occasions. The fact of such absences, a total of 16 days in September and October, 1971, was admitted and so stipulated by David. At the close of the hearing, one without a jury but where testimony was heard before the court, the judge revoked the probation and ordered

that David be committed to the Texas Youth Council.

Appeal is perfected by the minor appellant from the order of revocation of probation and the order of commitment, urging an abuse of discretion in the trial court's finding of a violation of the rules of probation and in committing David to the custody of the Texas Youth Council because both are against the great and overwhelming weight and preponderance of the evidence. Both points are overruled.

■ Under the Juvenile Delinquency Act, Vernon's Tex.Rev.Civ.Stat.Ann. art. 2338-1 (1971), the Juvenile Court upon adjudication of delinquency is given broad powers and discretion to determine, in the best interest of the child and the State, to whom the child should be committed. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269 (1944); Lazaros v. State, 228 S.W.2d 972 (Tex.Civ.App.—Dallas 1950, no writ); Dudley v. State, 219 S.W.2d 574 (Tex.Civ. App.—Amarillo 1949, writ ref'd); In re Hoskins, 198 S.W.2d 460 (Tex.Civ.App.— Amarillo 1946, writ ref'd n. r. e.); and see and compare Hill v. State, 454 S.W.2d 429 (Tex.Civ.App.—San Antonio 1970, no writ). This would be especially so in a situation where, as here, the Juvenile Court Judge modifies or revokes one of his earlier orders—here the probation order. See In re Hoskins, supra. The evidence presented at the hearing consisted of the stipulation as to absences, Juvenile Department reports, testimony of David, his parents and his Probation Officer, Mr. Clark. Appellant argued that the school principal recommended that David, being unable to keep up with members of his class, obtain a work permit to be released from school. Mrs. Echols filled out some forms for this permit, apparently believing that to be all that was necessary, whereupon David allegedly began working with his father who is a paint subcontractor. The evidence clearly shows David's repeated absences from school without proper permission, and David has not complied with another requirement in that he has repeatedly failed to contact his probation officer, either at the first of each month or when absent from school. While his attempts at outside work are commendable, it is clear that David has violated his rules of probation.

Appellant next asserts that the court, in committing David, relied heavily upon out-of-date probation department reports. The record reveals that the testimony updates this report giving the Court a full picture of what was required of David. Even if the record did not so disclose, it is presumed that the trial court did not consider any improper evidence. In re Hoskins, supra, p. 465; Landwer v. Fuller, 187 S.W.2d 670 (Tex.Civ.App.—Amarillo 1945, writ ref'd w. o. m.). The evidence shows not only that David, a boy of average intelligence, was either unable or unwilling to keep up with his classmates, whereupon he violated his rules of probation by his acts of truancy, but also that he further violated the rules in failing to communicate and cooperate with his probation officer.

■ The trial judge obviously felt the proper procedure to be re-commitment to an institution, where before he had made satisfactory progress. Under the Juvenile Delinquency Act, the question of modifying or revoking former juvenile court orders is discretionary with the trial court and it is within the court's sound discretion to determine whether it will be for the best interest of the child to commit him to the custody of an institution. In re Hoskins, supra; Lazaros v. State, supra. When a juvenile is found to be a delinquent child, the court may place him on probation, commit him to a suitable public institution or agency or make such further disposition as the court may deem to be for the best interest of the child. "This does not mean that the court must first eliminate the question of whether or not the parents are suitable persons to have the child's custody before the second alternative may be considered nor that the second alternative must be eliminated before the court can consider the third alternative. It simply places upon the court the duty of exercising its sound dis-

cretion and make such provision for the custody of the juvenile as will serve the child's welfare and the best interest of the State." Dudley v. State, supra, 219 S.W.2d p. 575. The court below has done such, and no abuse of discretion is shown. We must affirm the judgment whether we agree with it or not.

The judgment of the Juvenile Court is affirmed.