

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

*See H-1218
for change*

August 24, 1973

George N. Rodriguez, Jr.
El Paso County Attorney
Room 201 City-County Building
El Paso, Texas 79901

Opinion No. H- 89

Re: Whether fees collected
under Articles 42.12
and 42.13, V. T. C. C. P.,
may be used to finance
operation of Juvenile
Probation Department

Dear Mr. Rodriguez:

Your letter of May 22, 1973, requests an opinion of this office as to whether fees collected from adult probationers under § 6a(a) of Article 42.12 and Article 42.13, Texas Code of Criminal Procedure, can properly be used in financing the costs of operation of a juvenile probation department.

Section 6a(a) of Article 42.12 (The Adult Probation and Parole Law) provides as follows:

> "Sec. 6a. (a) A court granting probation may fix a fee not exceeding $10 per month to be paid to the court by the probationer during the probationary period. The court may make payment of the fee a condition of granting or continuing the probation."

Article 2338-1, Vernon's Texas Civil Statutes, concerns "delinquent children." Section 13 of Article 2338-1 authorizes the juvenile court, after hearing to:

> "(1) place the child on probation or under supervision in his own home or in the custody of a relative or other fit person, upon such terms as the court shall determine; . . . .

p. 407

"(3) make such further disposition as the court may deem to be for the best interest of the child, except as herein otherwise provided."

We have found no provision in Article 2338-1 or related statutes for collecting a supervisory fee similar to the one provided for in Article 42.12 above. Section 12 of Article 42.12 now makes § 6a thereof applicable to Article 42.13, The Misdemeanor Probation Law. Before 1967, it did not. See Acts 1967, 60th Leg., p. 1745, ch. 659 § 29. Compare Attorney General Opinion M-985 (1971).

You have referred us to Attorney General Opinion No. M-784 (1971) which discusses the proper use of the fee collected under Articles 42.12 and 42.13 as follows (emphasis added):

"We are of the opinion that the phrase 'for use in administering the probation laws,' as found in Subsection (b) of Section 6a, supra, must be liberally construed, and considered in connection with the purpose of the Adult Probation and Parole Law -- the maintenance of effective probationary program (cf. the underscored portion of Section 10, supra).

"Accordingly, you are advised that it is the opinion of this office that fees permitted to be collected pursuant to Article 42.12(6a), Texas Code of Criminal Procedure, may be distributed for the following purposes, inter alia: salaries of probation officers, secretaries and other office personnel; probation office expenses; auto travel allowances for probation offices; and bona fide educational training expenses for probation officers (including registration fees, travel, and subsistence expenses while attending seminars or taking academic training at colleges or universities or other appropriate institutions which sponsor courses of study or training

> relevant to the education and training of probation
> officers).  The foregoing purposes are authorized by,
> and within the scope of, the Adult Probation and
> Parole Law."

The question here is whether the funds collected can be used to finance juvenile probation programs.

Section 6a(b) of Article 42.12 provides that "the court shall distribute the fees. . . for use in administering the probation laws." Section 10 of Article 42.12 contains some language which indicates the possibility of a co-relation between adult and juvenile probation programs.  It reads in part:

> "The judge or judges, with the approval of the
> juvenile board of the county, may authorize the chief
> probation or chief juvenile officer to establish a sep-
> arate division of adult probation and appoint adult
> probation officers and such other personnel as required.
> It is the further intent of this Act that the same person
> serving as a probation officer for juveniles shall not
> be required to serve as a probation officer for adults
> and vice-versa."

It is certainly the general duty of the various district courts to act in the best interests of juveniles and to protect their rights and interests in every way possible. See Echols v. State, 481 S. W. 2d 160 (Tex. Civ. App., Houston, 1972); Dudley v. State, 219 S. W. 2d 574 (Tex. Civ. App., Amarillo, 1949).

After considering all of the above we have concluded that the primary purpose of the fund in question is the financing and administration of the Adult Probation Law as specified in Opinion No. M-784 quoted above.

However, if such purpose is fulfilled and surplus funds are on hand we cannot say that the statute or the legislative intent prohibits use of such funds for financing and administering juvenile probation.

We therefore hold that the district judge or judges charged with the responsibility of administering the Adult Probation Laws under Articles 42.12 and 42.13 may in their discretion direct the use of surplus funds for administration of juvenile probation.

## SUMMARY

Fees collected under Articles 42.12 and 42.13, Texas Code of Criminal Procedure, should be used primarily for adult probation but surplus funds can be used for juvenile probation in the discretion of the district judge or judges charged with the responsibility of administering adult probation laws.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee