

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

June 12, 1974

The Honorable Ted Butler
District Attorney
166th Judicial District Court
Bexar County Courthouse
San Antonio, Texas

Opinion No. H- 325

Re: Designation of a county court
at law as the juvenile court.

Dear Mr. Butler:

You have asked our opinion on two questions which are:

(1) Can the Juvenile Board of Bexar County designate a
County Court at Law as the Juvenile Court?

(2) Does the County Court have exclusive jurisdiction
over matters affecting juvenile offenders in Bexar County?

Article 5, § 1 of the Constitution provides in part that:

> The judicial power of this State shall be vested
> in one Supreme Court, in Courts of Civil Appeals,
> in a Court of Criminal Appeals, in District Courts,
> in County Courts, in Commissioners Courts, in
> Courts of Justices of the Peace, and in such other
> courts as may be provided by law.

The jurisdiction of district courts and county courts is provided by
the Constitution (Article 5, § § 8 and 16, Texas Constitution), and both courts
have authority to decide matters affecting juveniles. See In re Cockrell,
493 S. W. 2d 620 (Tex. Civ. App., Amarillo, 1973, writ ref'd n. r. e.).

Article 5, §1 further provides:

> The Legislature may establish such other courts
> as it may deem necessary and prescribe the jurisdiction
> and organization thereof, and may conform the jurisdic-
> tion of the district and other inferior courts thereto.

Pursuant to this provision of the Constitution the Legislature has created, inter alia, county courts at law.

Six county courts at law have been authorized for Bexar County. County Courts at Law Nos. 1 and 2 of Bexar County were created by Article 1970-301, V.T.C.S. Among subjects specifically excluded from their jurisdiction is the transaction of "all business pertaining to . . . minors." Articles 1970-301, §§ 3 and 4; 1970-64; 1970-65; 1970-301g, §3, V.T.C.S. County Court at Law No. 3 of Bexar County was established by Article 1970-301d. The court is given the same jurisdiction enjoyed by County Courts at Law Nos. 1 and 2 except that in addition:

> The Judge of the County Court at Law No. 3
> of Bexar County, Texas, upon proper certification
> of the County Judge of Bexar County, Texas, because
> of conflicting duties, or absence or inability to act;
> or, upon the failure or refusal of such County Judge
> to act for any reason or cause, shall also be authorized
> and empowered to act for and in the place and stead of
> said such County Judge in any lunacy, probate and
> condemnation proceeding or matter, and also may
> perform for the County Judge of Bexar County any and
> all other ministerial acts required by the laws of this
> State of said County Judge of Bexar County, Texas . .. .
> Provided, that the powers thus conferred on the Judge
> of the County Court at Law No. 3, of Bexar County,
> Texas, shall extend to and include all powers of the
> County Judge of Bexar County, Texas, except his
> powers and duties in connection with the transaction
> of the business of the County as presiding officer of

the Commissioners Court, and in connection with
the budget of Bexar County.   Article 1970-301d,
§ 2,  V. T. C. S.

Therefore, the County Court at Law No. 3 has potential jurisdiction over juvenile matters, depending on the inability or refusal of the County Judge to act in those cases.

County Court at Law No. 6 of Bexar County was originally denominated as the County Civil Court at Law of Bexar County.   Articles 1970-301f.  It is granted power "to hear and determine all matters affecting minors."  Article 1970-301f, § 3.

County Courts at Law Nos. 4 and 5 of Bexar County were created by Article 1970-301e. 1,  V. T. C. S.   Their duties will commence on January 1, 1975.   Article 1970-301e. 1, § 11,  V. T. C. S.   County Court at Law No. 4 has authority to "hear and determine all matters affecting minors."  Article 1970-301e. 1,  § 2a.   County Court at Law No. 5 has the same jurisdiction as County Courts at Law Nos. 1, 2 and 3.   Article 1970-301e. 1,  § 2.   Its concurrent jurisdiction with County Court at Law No. 3 gives it potential jurisdiction over juvenile matters.

Therefore it is our conclusion that the statutes creating the six courts give  jurisdiction over juvenile matters to County Courts at Law Nos. 4 and 6, deny  such jurisdiction to County Courts at Law Nos. 1 and 2, and give potential jurisdiction over juvenile matters to County Courts at Law Nos. 3 and 5.   However, § 51. 04 of Vernon's Texas Family Code provides in part:

(a) The juvenile court has exclusive original
jurisdiction over proceedings under this title.

(b) In a county having a juvenile board, the board
shall designate one or more district, criminal district,
domestic relations, juvenile, or county courts or county
courts at law as the juvenile court, subject to Subsection
(d) of this section . . . .

>    (d) A court may not be designated as the juvenile
> court unless its judge is an attorney licensed to practice
> law in this state.

>    (e) A designation made under Subsection (b) or (c)
> of this section may be changed from time to time by the
> authorized boards or judges for the convenience of the
> people and the welfare of children. . However, there
> must be at all times a juvenile court designated for
> each county. It is the intent of the legislature that in
> selecting a court to be the juvenile court of each county,
> the selection shall be made as far as practicable so that
> the court designated as the juvenile court will be one
> which is presided over by a judge who has a sympathetic
> understanding of the problems of child welfare and that
> changes in the designation of juvenile courts be made
> only when the best interest of the public requires it.

Predecessor statutes to this portion of the Family Code permitted designation of certain courts as juvenile courts, but the courts which could be so designated already possessed jurisdiction over juvenile matters. Acts 1943, 48th Leg., ch. 204, p. 313, § 4; Acts 1909, 31st Leg., ch. 55, p. 101, § 1; Frey, "The Evolution of Juvenile Court Jurisdiction and Procedure in Texas," 1 Tex. Tech. L. Rev. 209, 218 (1970). When the statute was amended to permit criminal district courts, which arguably had no juvenile jurisdiction, to be named as the juvenile court, the amendatory act specifically granted that jurisdiction to those courts. Acts 1945, 49th Leg., ch. 35, p. 52, § 1.

It is clear that jurisdiction of the juvenile court comes from an act of the Legislature and not from the juvenile board. In re Hoskins, 198 S.W. 2d 460 (Tex. Civ. App. Amarillo 1946, writ ref'd n.r.e.). It also has been held under the predecessor to this portion of the Family Code that the statute permitting the juvenile board to designate a court as the juvenile court does not create a new court, but merely limits the class of cases to be tried in that court during the designated period. Bomar v. Bomar, 229 S.W. 2d

859 (Tex. Civ. App. Dallas 1950, no writ), but see In re Cockrell, supra.

Section 51.04 of the Family Code does not confer the jurisdiction of a juvenile court on courts not already possessing it. If the Family Code were interpreted to grant jurisdiction denied to the Bexar County Courts at Law in Articles 1970-301, 1970-301d, 301e.1 and 301f, V.T.C.S., that interpretation would ignore the maxim that "where a law is enacted as a part of an existing system covering a given subject-matter, it will be presumed the Legislature intended that the same should operate in harmony therewith." Freels v. Walker, 26 S.W. 2d 627, 630 (Tex. 1930).

Therefore, it is our opinion that the Bexar County Juvenile Board may name County Courts at Law Nos. 4 or 6 as the juvenile court. Under some circumstances it may designate County Courts at Law Nos. 3 or 5, , but it may not name County Court at Law Nos. 1 or 2 as the juvenile court.

## SUMMARY

Designation as the juvenile court under Sec. 51.04 of the Family Code is limited to courts possessing jurisdiction over juvenile matters from a source other than the Family Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee