530 S.W.2d 902 (1975)
In the Matter of P A O, Appellant.
No. 16552.
Court of Civil Appeals of Texas, Houston (1st Dist.).
November 20, 1975.
David B. Ziegler, Houston, for appellant.
Carol S. Vance, Dist. Atty., Sara McIntosh, Asst. Dist. Atty., Houston, for appellee.
EVANS, Justice.
This is an appeal from an order of the Juvenile Court of Harris County, Texas, modifying an order of disposition entered at a prior hearing.
At the prior hearing held on March 4, 1974, the child in question, then fifteen years of age, was adjudged to have engaged in delinquent conduct upon a finding that he had committed burglary. By its order entered March 6, 1974, the court committed the child to the custody of the Chief Juvenile Probation Officer of Harris County for further placement under specified rules of probation for a one year period. On September 4, 1974, the child was ordered released from the Harris County Youth Village and custody was placed in his mother upon the same rules of probation and under supervision of the Harris County Juvenile Probation Department.
On November 11, 1974, a petition to modify disposition was filed in the proceedings, wherein it was represented that the child had violated the rules of his probation in that on or about October 15, 1974, "he ran away from his court placement without lawful permission." An attorney ad litem was appointed to represent the child and on November 27, 1974, an answer was filed on the child's behalf. On March 13, 1975, the trial court sitting without a jury determined that the child had violated the terms of his probation by leaving his court placement without permission and ordered the child committed to the Texas Youth Council.
In two points of error it is asserted that the trial court abused its discretion in revoking the child's probation and that there was "no evidence" and, alternatively, "insufficient evidence" to support the court's finding that the child had violated the specified rule of probation.
Section 54.04 of the Texas Family Code provides that if a trial court upon the disposition hearing finds that the child is in need of rehabilitation or that the protection of the public or the child requires that disposition be made, it may:
"(1) place the child on probation on such reasonable and lawful terms as the court may determine for a period not to *903 exceed one year, subject to extensions not to exceed one year each:
"(A) in his own home or in the custody of a relative or other fit person;
"(B) in a suitable foster home; or
"(C) in a suitable public or private institution or agency, except the Texas Youth Council; or
"(2) if the court or jury found at the conclusion of the adjudication hearing that the child engaged in delinquent conduct, the court may commit the child to the Texas Youth Council."
This section further states that the trial court shall state specifically in its order its reasons for the disposition and shall furnish a copy of the order to the child; that if the child is placed on probation, the terms of probation shall be written in the order.
It was stipulated in these proceedings that the child had been adjudicated to have engaged in delinquent conduct on March 4, 1974, and had been placed in the custody of the Chief Juvenile Probation Officer of Harris County for further placement under the rules of probation as set forth by the court conditioned, among other things, that the child would not leave his court placement without lawful permission. The court's order entered March 6, 1974, with the rules of probation appended thereto, is contained among the instruments in the transcript. The rules of probation are shown to have been signed by the child and no contention is made on this appeal that the terms of probation were not "written in the order" as contemplated by the Code.
Section 54.05 of the Texas Family Code, relating to the proceedings to modify disposition, provides, insofar as pertinent here:
"(f) A disposition based on a finding that the child engaged in delinquent conduct may be modified so as to commit the child to the Texas Youth Council if the court after a hearing to modify disposition finds beyond a reasonable doubt that the child violated a reasonable and lawful order of the court."
The State's only witness, the child's mother, testified that the child was living with her on October 15, 1974, and on that date left home. She further testified:
"Q. And was it with or without your permission?
"A. Neither one, because I didn't know he was leaving. He come back home. He had been to town. He wanted his social security number because he said he had a job and I gave it to him.
"Q. So, if you didn't know he was leaving, then you didn't give him permission, is that correct?
"A. I didn't tell him he could or he couldn't. I didn't know he was leaving, that is right.
"Q. You didn't know he was leaving?
"A. I did not know he was leaving."
On cross-examination the child's mother continued:
"Q. If Phillip would have asked you for permission to leave home, would you have given it to him?
"A. Definitely, because Phillip is just too old for me to say he can or cannot stay, and I am this way, if a child doesn't want to be with me, I won't force him to stay with me."
The child's mother further testified that her son had been gone a period of two full days and that she had someone drive her to Oklahoma to get him. She testified that she learned he was in Oklahoma when a detention home there called her next door neighbor and that prior to that time she did not know the whereabouts of her child.
The juvenile courts are granted broad powers and discretion in determining suitable disposition of children who have been adjudicated to have engaged in delinquent conduct or in conduct indicating a need for supervision. Echols v. State, 481 S.W.2d 160 (Tex.Civ.App.  Houston [14th], 1972, no writ). This is especially true in a proceeding to modify disposition. Echols v. *904 State, supra; In re Hoskins, 198 S.W.2d 460 (Tex.Civ.App.  Amarillo, 1946, writ ref'd n. r. e.). The question for our determination is whether, upon the record before us, the trial court abused this discretion in finding beyond a reasonable doubt that the child left his mother's home without permission.
It has been stated that permission may be either "express or implied." Hartford Accident & Indemnity Corp. v. Lowery, 490 S.W.2d 935 (Tex.Civ.App.  Beaumont, 1973, writ ref'd n. r. e.). It has also been stated that the word implies "knowledge and consent." McKee v. Travelers Ins. Co., 315 S.W.2d 852, 857 (Mo.Ct.App.  St. Louis, 1958). It has been said the word contemplates "something more than mere sufferance or tolerance without taking steps to prevent ..." Haynes v. Linder, 323 S.W.2d 505, 510 (Mo.Civ.App.  Kansas City, 1959); see also 70 C.J.S. Permission pp. 564-5.
Under the circumstances present here, the rules of probation imposed an affirmative duty on the child to obtain the permission of his mother before leaving home. There is no evidence in the record from which the grant of this permission could reasonably be implied. The evidence negates against any inference that the child left home with his mother's knowledge or consent. Her testimony clearly reflects her consent was neither sought nor given. Upon the stipulations and testimony, the trial court was justified in finding beyond a reasonable doubt that the child left home without obtaining the permission of his mother.
Affirmed.