Matter of G.O. 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-447-CV





IN THE MATTER OF G.O.,



 APPELLANT










 


 




FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT



NO. 132,441-C, HONORABLE EDWARD S. JOHNSON, JUDGE



 





PER CURIAM



 Appellant G.O. appeals the district court's order revoking his probation and
committing him to the Texas Youth Commission. Tex. Fam. Code Ann. § 54.05 (1986 & Supp.
1992). Appellant's sole contention on appeal is that the evidence at the hearing on the State's
motion to modify disposition was insufficient to sustain the revocation. We will affirm.

 On June 4, 1991, the district court adjudicated appellant delinquent and placed him
on probation for one year. Among the conditions of probation, the court ordered appellant to
commit no offense against the laws of the state of Texas. Two months later, the State moved to
modify the disposition, alleging that on July 3, 1991, appellant violated this condition of his
probation. Specifically, the State alleged that appellant stole a bicycle from Jim Ed Brown by
threatening him and placing him in fear of imminent bodily injury. 

 A trial court can modify the disposition of a delinquent child if, after a hearing, it
finds beyond a reasonable doubt that the child violated a reasonable and lawful court order. Tex.
Fam. Code Ann. § 54.05(f) (Supp. 1992). On appeal, the question is whether the record shows
that the trial court abused its discretion in finding a violation of a condition of the probation. In
the Matter of P.A.O., 530 S.W.2d 902 (Tex. Civ. App. 1975, no writ); In re Cockrell, 493
S.W.2d 620 (Tex. Civ. App. 1973, writ ref'd n.r.e.). 

 The evidence showed that on the afternoon of July 3, 1991, Jim Ed Brown and his
cousin Mike Brown were riding each other's bicycles along a street in Belton. Appellant
approached Mike from a house on the street and told him to get off the bike because it was his and
had been stolen. Mike got off the bike, and Jim Ed picked it up, telling appellant that the bike
belonged to him and that he had not stolen it from appellant. Appellant maintained that Jim Ed
had stolen the bike from him and stated that if Jim Ed did not get off the bike, appellant would
beat him up. Jim Ed gave the bicycle to appellant, who took it inside the house.

 Police Sgt. Lockaby, whom a bystander had summoned, went to the house, told
appellant to bring out the bike, and took the bike and the two cousins to the police station. Later,
Jim Ed Brown and his mother went to the police station where they identified the bike as
belonging to Jim Ed. 

 Jim Ed Brown stated that his grandparents had bought the bike for him about five
years earlier. Jim Ed's mother, Paulette Drake, testified that her mother bought the bicycle for
Jim Ed from a bicycle shop in Temple for $500.00. Though appellant told Sgt. Lockaby that his
mother had reported the bike as stolen, when Lockaby searched the past stolen bicycle reports,
he found no report from either appellant or his mother. Jim Ed testified that he did not give
appellant permission to take his bike. 

 Jim Ed testified that when appellant threatened to beat him up, he feared for his
safety and feared that appellant would hurt him. He gave appellant the bicycle because he was
afraid. Jim Ed stated that as a result of the incident, he was upset and crying. Sgt. Lockaby
testified that when he arrived, Jim Ed had been crying, and looked frightened and shaken;
Lockaby initially thought that Jim Ed had been in a fight.

 From this evidence, the trial court could find beyond a reasonable doubt that
appellant stole a bicycle from Jim Ed Brown by threatening him and placing him in fear of bodily
injury. Because the trial court did not abuse its discretion in making this finding, we overrule the
point of error.

 The order of the trial court is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: February 26, 1992

[Do Not Publish]